NATHAN HIRSCHMAN v. JULIUS EMME and Another.[1]

August 2, 1900.

Nos. 12,176—(232).

**Assault—Damages—Evidence.**

> In an action to recover for personal injuries sustained by the plaintiff
> by reason of the alleged wrongful acts of the defendants and others with
> whom they were acting in concert, it is *held* that the verdict is sustained
> by the evidence, that the award of damages is not excessive, and that
> the trial court erred in reducing the verdict.

Action in the district court for McLeod county to recover $4,000 for personal injuries. The case was tried before Cadwell, J., and a jury, which rendered a verdict in favor of plaintiff for $1,000. From an order granting a motion for a new trial unless plaintiff consent to a reduction of the verdict to $250, plaintiff appealed. Reversed.

*S. R. Child* and *Harrison E. Fryberger*, for appellant.

*McClelland & Tifft*, for respondents.

START, C. J.

This action was brought to recover damages on account of injuries sustained, as plaintiff claims, by reason of the wrongful acts of the defendants and others acting in concert with them. The answer was a general denial, and the plaintiff had a verdict for $1,000. The defendants made a motion for a new trial on the ground that the damages were excessive, that the verdict was not justified by the evidence, and for the errors of law occurring at the trial. The trial court, in its order disposing of the motion, correctly stated that no errors prejudicial to the defendants were committed on the trial, and that a verdict for some amount was justifiable against the defendants. The balance of the order was in these words:

"The principal injury complained of by the plaintiff resulted from a blow concededly struck by one Theodore Emme, not served with process. The evidence fails to prove that this blow was inflicted by the moving defendants, or by their aid, advice, or procurement. It

[1] Reported in 83 N. W. 482.

was in no way instigated by them. The defendants making the motion were in no way liable to the plaintiff for the injuries resulting from such blow. It is therefore ordered that the motion of the defendants, and of each of them, be granted, unless the plaintiff, within twenty days after the service of a copy of this order upon him, consent to a reduction of the verdict herein to the sum of $250, by a written stipulation to that effect filed in the office of the clerk of this court. If such consent is so filed, judgment will be rendered against the defendants for $250 and costs."

The plaintiff appealed from the order.

It is to be noted that the trial court did not grant a new trial conditionally, in the exercise of its discretion, but as a matter of law, upon the ground that there was no evidence in the case to sustain a finding by the jury that the defendants instigated the act of Theodore Emme which occasioned the principal injury sustained by the plaintiff. If such be the case, the order must be affirmed; but, if the evidence fairly sustains such a finding, then the order must be reversed, and judgment entered upon the verdict. Counsel for the defendants, however, urge that the trial court erred in giving to the jury certain of the plaintiff's requests for instructions, and that the order granting a new trial must be affirmed for this reason, even if the one assigned by the trial court for its action be not the correct one. No exception was taken to the general charge of the court. The instructions complained of were the plaintiff's fifth, sixth, thirteenth, and fourteenth special requests. These instructions were directed to the question of the liability of the defendants for the acts of Theodore Emme. The contention of the defendants is that the instructions were abstract propositions, and prejudicial, because not based on any evidence which would justify the jury in finding that the defendants were liable for the acts of Theodore Emme. This is only another way of raising the same question which is presented by the trial court's order. If the evidence was sufficient to sustain such finding, the instructions were correct, and the order wrong; but, if it was insufficient for that purpose, then the order was right, and the instructions prejudicial error. The sole question, then, for our decision is whether the evidence is sufficient to sustain such finding. If the finding is sustained, the award of damages was not excessive, but moderate.

There was evidence fairly tending to establish these facts: On the afternoon of August 20, 1899, the defendant Julius Emme, a man of mature years, and an ex justice of the peace, was entertaining his friends at his home, in the town of Rich Valley, in the county of McLeod. Among his guests were the defendants Henry Rohling, a young man twenty-three years old, and several other young men, including Theodore Emme, his nephew, some of whom were more or less intoxicated. The plaintiff, an inoffensive Hebrew peddler, was at this time traveling along the public highway in a peddler's wagon, drawn by a single horse. As he neared the house of the defendant Julius Emme, some of the young men, including Henry Rohling, rushed in front of the plaintiff's horse and stopped him, by throwing up their hands. The plaintiff started the horse up, when they again stopped him, by locking one of the wheels of the wagon by putting a stick through the spokes. The plaintiff thereupon got out of his wagon and led his horse up the hill, and hitched him with a weight near the driveway leading to Julius Emme's house. The young men then commenced to have "sport with the Jew," as some of the witnesses expressed it. The defendant Rohling painted red his horse's forehead and the end of his wagon box. Another braided the horse's tail with weeds. The defendant Emme got an old scrub brush and a broken dish, and placed them under the canvas covering the plaintiff's goods. He also secured a rail ten feet long, and ran it through the hind wheels of the wagon, between the spokes, joining at the time in the laughter of his guests. The plaintiff removed the rail, and the young men placed other pieces of wood in the wheels of the wagon; and, as the plaintiff would take the obstructions out of one wheel, another one would be obstructed. The rail was placed a second time in one or both of the wheels by some one other than the defendant Emme. The plaintiff took it out, and was holding it in front of him, when Theodore Emme stepped towards the wagon, holding a stick or club "as though he intended to put it in the wheel," but walked around the end of the rail and struck the plaintiff on the head with the club, whereby he was badly and probably permanently injured.

No one else physically injured the plaintiff. The evidence is conflicting as to whether the defendants, or either of them, were

present when the blow was struck. The defendant claimed that he placed the rail in the wheels to prevent an accident to the children by the wagon, which stood upon an incline, running down upon them. The evidence is practically conclusive that none of the parties intended to injure the plaintiff physically when the hazing commenced, and that he so understood it. But the fact remains that one act induced and was followed by another, until the last one culminated in the serious injury of the plaintiff. The jury were well warranted in finding from these facts, which the evidence tended to prove, that the defendants, especially Julius Emme, by their acts and conduct encouraged, instigated, and incited Theodore Emme to strike the plaintiff. Their conduct naturally tended to incite a hot-headed and somewhat intoxicated youth to go to extremes in the gentle pastime of Jew-baiting, in which the defendants had taken an active part. The defendant Julius Emme was the host, the man of mature years, the some-time local magistrate; and it is not to be doubted that a word from him would have restrained the sportive but unlawful onset upon the plaintiff, nor can it be reasonably questioned that his active participation therein was one of the inducing causes of Theodore Emme's acts. Upon the whole record, we are of the opinion that the evidence fairly sustains the verdict of the jury to the effect that the defendants are liable for the acts of Theodore Emme in question, and that the trial court erred in reducing the verdict.

Order reversed and cause remanded, with instructions to enter judgment for the plaintiff on the verdict, as rendered.