GORMAN v. SHELTON et al.

No. 3442.    Opinion Filed June 16, 1914.

(141 Pac. 680.)

1.  **APPEAL AND ERROR—Harmless Error.** Section 4791, Rev. Laws 1910, provides that "the court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

2.  **SAME.** Record examined and held: (1) That it does not appear that the errors complained of have probably resulted in a miscarriage of justice, or that they constitute a substantial violation of any constitutional or statutory right of the plaintiff in error; (2) the evidence reasonably tends to support the verdict of the jury and the judgment rendered thereon.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Replevin by Mike Gorman, as trustee and liquidating agent of the Bankers' National Bank of Ardmore, against John M. Shelton and the Southwestern Manufacturing Company. Judgment for defendant last named, and plaintiff brings error. Affirmed.

*S. T. Bledsoe,* for plaintiff in error.

*Potterf & Walker,* for defendants in error.

KANE, C. J.    This was an action in replevin, commenced by Mike Gorman, as trustee and liquidating agent of the Bankers' National Bank of Ardmore, against John M. Shelton and the

Southwestern Manufacturing Company. It was alleged that the plaintiff was the owner and entitled to the possession of certain property by virtue of the sale thereof to the Bankers' National Bank of Ardmore, according to the terms of a chattel mortgage covering the same, wherein the Ardmore Foundry, Machine & Bridge Company was mortgagor and the Bankers' National Bank of Ardmore was mortgagee. The defense was: That the property did not belong to the Ardmore Foundry, Machine & Bridge Company and was not embraced in said chattel mortgage, and the same was not sold at said mortgage sale. That said machinery was the property of the Ardmore Automatic Store Company and was stored upon the premises of the foundry company, and said defendant Southwestern Manufacturing Company deraigned its title through said Automatic Store Company and its assigns. At the conclusion of the trial a demurrer to the evidence as to the defendant John M. Shelton was sustained, and the cause submitted to the jury as to the other parties. The jury returned a verdict in favor of the defendant the Southwestern Manufacturing Company, upon which judgment was duly rendered, to reverse which this proceeding in error was commenced.

The errors presented for review are stated by counsel for plaintiff in error in his brief as follows:

"(1) The court erred in the admission of incompetent and irrelevant evidence on behalf of the defendants, which includes the deposition of H. B. Traw and J. N. Morgan, which was prejudicial to the plaintiff.

"(2) The court erred in its instructions to the jury and in refusing to give the requested instructions of the plaintiff.

"(3) The court should have sustained the demurrer to the defendant's evidence and instructed a verdict for the plaintiff."

It is obvious that the first two assignments complained of are errors or defects in the pleadings or proceedings, which, under section 4791, Rev. Laws 1910, the court is required to disregard, unless it appears that they tend to affect injuriously some substantial right of the adverse party. And, in reviewing such errors. the court is also governed by section 6005, Rev. Laws 1910, which provides that:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

It is sufficient to say of these assignments that, after an examination of the entire record, the court is not prepared to say that it appears therefrom that the errors complained of have probably resulted in a miscarriage of justice, or constitute a substantial violation of any constitutional or statutory right of the plaintiff in error. On the contrary (and this applies to the next assignment also), we are satisfied, from an examination of the record, that the cause was tried in substantial compliance with the forms of law, and that there was ample evidence to support the verdict rendered. The principal ground upon which counsel for plaintiff in error bases his third contention is: That a certain instrument which is set out in full in his brief constitutes a conditional sale of the property involved by the Ardmore Automatic Store Company to the Ardmore Foundry, Machine & Bridge Company; and the property involved being in the possession of the Ardmore Foundry, Machine & Bridge Company in circumstances having the appearance of ownership, the conditional sale contract not having been recorded as required by law, the chattel mortgage to the bank was in all respects valid and constituted a prior lien upon the property as a matter of law. An examination of the record, however, discloses that this contract was not offered in evidence for any purpose, and, of course, we are precluded from considering it in the connection contended for by counsel for plaintiff in error. Moreover, there is evidence tending to prove that this particular property was not included in the mortgage given by the Ardmore Foundry, Machine & Bridge Company to the bank. One witness testified in effect that when the receiver of the bank, after its insolvency, appeared upon the premises of the Ardmore Foundry, Machine & Bridge Company

for the purpose of foreclosing its mortgage, he suggested that certain of the machinery in use by the Ardmore Foundry, Machine & Bridge Company was not included in his mortgage, whereupon the foreman pointed out this particular property as the property not included in the mortgage, and the same was set aside by the consent of the receiver and the person in charge of the premises and was not sold at the subsequent mortgage sale. This evidence alone was sufficient to defeat the claim of the plaintiff.

Finding no reversible error in the record, the judgment of the court below must be affirmed.

All the Justices concur.