### SELBY et al. v. LINDSTROM.

No. 5057—Opinion Filed June 27, 1916.
(158 Pac. 1127.)

**1. Assault and Battery—Joint Tort-Feasors —Lia'.ility.**

Where two or more are engaged in an unlawful enterprise, each is individually responsible for all injuries committed in its prosecution, and this, although the specific injury was done by one of the parties alone.

**2. Appeal and Error—Review—Questions of Fact—Sufficiency of Evidence.**

Where the testimony on the part of the prevailing party reasonably tends to support the verdict, this court will not disturb the same on appeal.

**3. Torts—Joint Tort-Feasors—Liability.**

Where an action is based on tort alleged to have been caused by several defendants jointly, a right of action exists against any or all of the wrongdoers, independent of contract.

(Syllabus by Crump, C.)

Error from District Court, Osage County; T. L. Brown, Assigned Judge.

Action by Victor Lindstrom against Aciel E. Selby and others for assault. Judgment for plaintiff, and defendants bring error. Affirmed.

Leahy & McDonald and Grinstead & Scott, for plaintiffs in error.

Hargis & Conwell, for defendant in error.

Opinion by CRUMP, C. This is an action commenced by Victor Lindstrom, defendant in error, hereinafter called plaintiff, against Aciel E. Selby. J. J. Freyburger, and Joe Van Swearenger, plaintiffs in error, hereinafter called defendants, to recover damages for injuries which plaintiff alleges he sustained by the wrongful acts of the defendants, by committing upon his body certain batteries.

The testimony discloses that on the 30th day of December, 1910, the plaintiff went to the town of Melagony, Okla., and while there the defendants attacked him without cause, and plaintiff sustained a broken cheek bone. an injured eye, was knocked down by the defendant, and received all or a part of the injuries claimed in his petition. The case was submitted to the jury and a verdict was returned by it, awarding plaintiff damages in the sum of $1,500. Motion for new trial

was duly filed, and, before the same was passed upon by the court, plaintiff filed a remittitur in the sum of $750, and judgment was rendered on the verdict for $750. From the verdict and judgment so returned and entered, the defendants appealed to this court.

The defendants allege as error: (1) That the evidence at the trial of the cause was insufficient to show that the defendants were joint tort-feasors, or that they acted together in the altercation that took place at the time the plaintiff was injured; (2) that the court erred in giving instructions Nos. 4, 5, and 7.

It has been repeatedly held by this court that, where the testimony on the part of the prevailing party reasonably tends to support the verdict, this court will not disturb the same on appeal. Shaffer v. Turner, 43 Okla. 744, 144 Pac. 366; Gorman v. Shelton, 43 Okla. 139, 141 Pac. 680.

It is fundamental where two or more are engaged in an unlawful enterprise each is individually responsible for all the injuries committed in its prosecution, and this, although the specific injury was done by one of the parties alone. 8 Cyc. 679, 685; Kohn & Weil v. National Bank, 15 Kan. 429; Hirschman v. Emme et al., 81 Minn. 99, 83 N. W. 482.

Where an action is based on tort alleged to have been caused by several defendants jointly, a right of action exists against any or all of the wrongdoers, independent of contract. In the case of Strauhal v. Asiatic S. S. Company, reported in 48 Or. 100, 85 Pac. page 230, the court said:

" 'Nothing is more clear than the right of the plaintiff to bring an action of this sort against all the wrongdoers, or against any one or more of them, at his election. There is no principle upon which the defendant has a right, in any courts of justice, to say that the action shall be several. and not joint, and thus to take away the right of election, which the plaintiff has by law. to make it joint.' * * * 'A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way.' * * * The creation of a joint liability in tort does not depend upon proof that the same act of wrongdoing was participated in by both tortfeasors and that they were in concert and had a common intent or were engaged in a joint undertaking. But the rule under which parties become jointly liable as tort-feasors extends beyond acts or omissions which are designedly co-operative. and beyond any relation between the wrongdoers. If their acts of negligence, however separate and distinct in themselves. are concurrent in producing the injury. their liability is joint as well as several.' "

We are therefore of the opinion that, all of the defendants being present, concerned in the commission of the battery, and directly committing some act constituting the offense, they are joint tort-feasors and may be sued together or severally, at the election of the plaintiff. 38 Cyc. 487. We think that the evidence clearly shows that the defendants were joint tort-feasors and wrongdoers and violated the principle that:

"When the law of the land undertakes to declare and protect rights and establish a standard of conduct for the purpose, any act which disturbs or impedes the enjoyment of such rights is a tort, and, where injury results from a violation of this rule, the party sustaining the injury may recover damages from the party in fault."

The errors complained of with reference to the court giving instructions Nos. 4, 5, and 7 are not briefed or authorities cited in support of the contention of the defendants. We have examined said instructions, and find that they do not violate any fundamental principles and are not error.

It therefore follows that the judgment of the district court should be affirmed.

By the Court: It is so ordered.