Shear, Respondent, vs. Woodrick and others, Appellants.

*May 2—June 5, 1923.*

*Assault and battery: Conspiracy: Aiding and abetting: Immaterial error: Findings not essential to plaintiff's case.*

1. Error in submitting to the jury questions concerning issues not pleaded could not be urged by defendants, where the special verdict was requested by them and they made no objection before the trial court as to the including of such questions.
2. The judgment in an action for assault and battery against six defendants was supported by findings that one or more of them assaulted plaintiff and that the others were present

aiding and encouraging the assault by words or acts, so that findings as to prior conspiracy, claimed to have been erroneously submitted, were not essential.

3. Any error in the charge of the trial court as to the degree of proof required on a certain question which was not essential to plaintiff's case was immaterial.

APPEAL from a judgment of the circuit court for Vernon county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

The plaintiff brought this action against six defendants, alleging assault and battery committed by them March 6, 1922. The action was commenced six days thereafter, a jury impaneled in April, and trial commenced June 12, 1922.

Upon the trial defendants requested a special verdict, but made no suggestion as to the form nor filed exceptions to the form as submitted, so far as the record discloses. The substance of the special verdict as answered was as follows:

(1) There was an agreement between the defendants prior to the affray that they would assault and beat up the plaintiff and his sons.

(2) Such agreement was made between all six of such defendants.

(3) Certain of said defendants in pursuance of such agreement did actually assault and beat the plaintiff.

(4) "Did either or any of the defendants assault and beat the plaintiff? A. Yes."

(5) The defendant who did so assault the plaintiff was *Ed. Norwalk.*

(6) Other of the defendants were present at the same time during the continuance of said affray aiding or encouraging the assault upon plaintiff by words or acts.

(7) The defendants so present aiding or encouraging such assault were all other than Ed. Norwalk, Jr., who was included in the jury's answer to question No. 2, but against whom no judgment was taken.

(8) Plaintiff's compensatory damages assessed at $750.

(9) His punitory damages assessed at $150.

Upon motions made by the respective parties after verdict, judgment was ordered against the defendants, save Ed.

Norwalk, Jr., for the sum of $900 damages and costs. From such judgment all the defendants have appealed.

*L. H. Bancroft* of Milwaukee, for the appellants.

For the respondent there was a brief by *J. Henry Bennett* and *Smith & Moen,* all of Viroqua, and oral argument by *Mr. Bennett.*

ESCHWEILER, J.   An examination of the record in this case satisfies us that there was testimony upon which the jury could properly render the verdict which they did, and the objection now urged, and particularly as to defendant *James Norwalk,* that the same was contrary to the overwhelming preponderance of the evidence, cannot be sustained.

It is further urged that, no prior agreement or conspiracy between the defendants having been alleged in the complaint, it was error to submit questions concerning any conspiracy to the jury.   Such objection, however, cannot be now considered.   The special verdict was requested by the defendants; no objections made before the trial court to the including of such questions; and the judgment can be amply supported by the answers of the jury to the fourth and subsequent questions in the verdict and above recited, disregarding the several questions as to the conspiracy, now the subject of defendants' attack on this appeal.

Defendants urge as error the charge to the jury as to the degree of proof required on the questions concerning the conspiracy, but this is not before us because not presented to the trial court.   In any event the error if any was immaterial because relating to questions which, as we have just above indicated, were not essential to maintain plaintiff's case.

It is also urged that the defendants did not have a fair and impartial trial on account of the alleged improper manner of the court towards the defendants and their counsel in the presence of the jury during the trial.   We have examined these suggestions in detail and are not convinced that what

is so complained of can be deemed of sufficient prejudice to require a reversal.

Considerable attack is made upon the assessment of $750 as compensatory damages, and it is strenuously urged that the double hernia which the plaintiff, a man advanced in years, claimed to have received as a result of the assault and battery, was not so received and had been of long standing. The testimony was such, however, that the jury might reasonably have reached the conclusion that such injury, as well as an injury to his shoulder, were the result of the fight, and we cannot say under all the evidence that the verdict should be disturbed in this regard.

*By the Court.*—Judgment affirmed.