**HUNT, Sheriff, et al. v. ROWTON.**

No. 19390.   Opinion Filed May 20, 1930.

White & White and W. H. Harrison, for plaintiffs in error.

Lunsford & Windham and Caswell S. Neal, for defendant in error.

EAGLETON, C. Tenney Rowton brought suit against John A. Hunt, John A. Hunt, as sheriff of LeFlore county, and the National Surety Company, alleging damages resulting from the death of her husband, Riley Rowton, who was placed in the LeFlore county jail, took the smallpox, and died. No administration was had on the estate of Riley Rowton, and his widow brought the suit for herself and the minor children of Riley Rowton. The National Surety Company was on the sheriff's bond. Verdict and judgment were had for the plaintiff against John A. Hunt and the National Surety Company for $2,000. The defendants appeal. The parties will be referred to as they appeared in the lower court.

Defendants first complain that their demurrer to the plaintiff's evidence was overruled. There was practically no controversy as to the facts. It is the contention of the defendants that when Riley Rowton was incarcerated in the jail, no smallpox was there; that a short while thereafter, smallpox broke out in the jail, the jail was placed under an order of quarantine and Dr. G. A. Morrison, the jail physician, regularly employed by the board of county commissioners, was placed in charge, and the sheriff's deputies, the jailer, and other assistants there employed were instructed by the sheriff to comply with all orders given by Dr. Morrison, and that the deputies, the jailer, and other assistants fully performed all instructions given them by Dr. Morrison; that by so doing the sheriff had fully performed all his duties, and was in no wise negligent. It is the contention of the plaintiff that Riley Rowton was placed in the cell room with three other prisoners, one of them took ill, Dr. Morrison was called, and he diagnosed the case as smallpox; that the smallpox patient was left in the room and was not isolated from his cell mates; that Riley Rowton and one other took the smallpox; the fourth man in the cell room escaped the disease; Riley Rowton alone died; that the law requires the sheriff to care safely for all those placed in his custody; that the law specifically requires the sheriff, when a prisoner becomes ill, to call a doctor; that when a case is diagnosed as being contagious or infectious, the infected one shall be removed to another room away from the remaining prisoners; that there was a hospital room in the jail unused, which was large enough to receive all of the smallpox patients in the jail; that no one was moved into the hospital room until after Riley Rowton died.

The statute places the sheriff in charge of the county jail and all prisoners therein. He is in charge of the jail and is responsible for the safekeeping of its inmates. The statute requires that he keep the place clean

and healthy. The statute further provides that the county commissioners shall inspect the jail and see that it is properly maintained and prisoners properly treated. The statute further provides that the Commissioner of Charities may inspect the jail, and require that same be maintained in a clean and healthy manner, and that prisoners be properly treated. The State Board of Health, under the direction of the State Commissioner of Health, is empowered to make rules and regulations to prevent disease, to prevent the spread of disease, and is required to isolate those suffering from contagious and infectious diseases. The county superintendents and the city superintendents of health under the State Commissioner of Health are empowered to perform in their own communities the work of the State Board of Health. They are to make orders of quarantine and to see that same are enforced. The county superintendent of health, or the city superintendent of health, or any physician called to treat a person suffering from a disease in jail which he deems dangerous to the health and safety of the other prisoners, may direct that the patient so suffering be removed to a hospital or other place of isolation. Art. 1 of chap. 76, and arts. 1 and 15 of chap. 79 (secs. 8326-8340, 8666-8700, 8938-8946, C. O. S. 1921.) There was no evidence that any board of health, superintendent of health, or doctor, or any other person ordered patients suffering from the smallpox to be isolated from the other prisoners though the jail itself was quarantined. Compiled Oklahoma Statutes provide:

"8332. Sheriff to Have Charge of the Jail. The sheriff, or, in case of his death, removal or disability, the person by law appointed to supply his place, shall have charge of the county jail of his proper county, and of all persons by law confined therein, and such sheriff or other officer is hereby required to conform, in all respects, to the rules and directions of said district judge above specified, or which may from time to time by said judge be made, and communicated to him by said commissioners."

"8942. Contagious Disease—Isolation. Should any prisoners in any county or city jail or holdover complain of illness, the county or city physician, whose duty it may be to attend such prisoners, shall be summoned, and if such prisoner should be found to have a contagious disease, he shall be immediately removed and isolated to some room or place having no connection with the other prisoners."

"8943. Same—Jail Construction. It shall be the duty of officials who construct jails, city prisons, or holdovers, to provide a room for the segregation of prisoners who may be found to have a contagious disease."

"8945. Copies of Law to be Posted. It shall be the duty of the Commissioner of Charities and Corrections to furnish the sheriffs of the several counties with copies of this article, and said sheriffs shall cause the same to be posted in all jails, holdovers and poorhouses in their counties."

The law required the sheriff, when the patient in the cell with Riley Rowton was discovered, to have smallpox, to have isolated that patient and he had a hospital room in which to have placed him. This is a statutory minimum of care required of him. He is required to post printed copies of this regulation in his jail that it may not be overlooked or forgotten. He failed to isolate the prisoner. This was negligence. The demurrer to the plaintiff's evidence was properly overruled.

The defendants in their brief urged error in refusing to give requested instruction No. 5, which reads:

"After a quarantine has been instituted by the state or county health department, such quarantined place is under the law under direct supervision of the health officers and physicians in charge, and the sheriff and his deputies and jailers are required to execute all orders of such physician, and if the sheriff or his jailers faithfully execute all orders and directions of such health officers, then such sheriff is guilty of no actionable negligence."

This instruction, if given, would relieve the sheriff of the obligation placed on him by the statute to isolate prisoners suffering from contagious and infectious diseases, and allow him to place a doctor in charge of the jail and be relieved of further responsibility for the care of the prisoners placed in his charge. This is not the law. Even though the jail physician might have been liable for his negligence in not isolating the smallpox patient, that would not relieve the sheriff, who was at least a joint tort-feasor. Every tort-feasor whose wrongful act concurs in inflicting the injury is liable for the resulting damage. Shafir v. Sieben (Mo.) 233 S. W. 419, 17 A. L. R. 637; 26 R. C. L. 763; Cain v. Quannah Light & Ice Co., 131 Okla. 25, 267 Pac. 641; City of Tulsa v. Wells, 79 Okla. 39, 191 Pac. 186; Selby v. Lindstrom, 59 Okla. 227, 158 Pac. 1127; Preston v. Lewis. 50 Okla. 754, 151 Pac. 485. The instruction was properly refused.

Defendants complain that instruction No. 1 was uncertain in that it merely quoted to the jury certain sections of the statute without explanation, and was not clear. Other instructions given clarified any uncertainty which might have inhered in in-

structon No. 1, so the giving of it was not error.

They further complain that instruction No. 3 instructed the jury to return a verdict for the plaintiff against the defendants. Instruction No. 3 merely told the jury that it was the duty of the sheriff to isolate a prisoner whose illness was diagnosed by a physician to be contagious or infectious, and that if the failure of the sheriff so to do was a proximate cause of Riley Rowton's taking smallpox, the verdict should be for the plaintiff. This is a correct statement of law. The giving of the instruction was not error.

Instruction No. 4 told the jury that, in case no room was available in the jail in which to isolate such persons infected with contagious disease, the verdict should be for the defendant. The jury by its general verdict for the plaintiff found that there was a room available in which to isolate the infected persons. We find no error in the instructions given, or in the refusal to give requested instructions. The cause is therefore affirmed.

BENNETT, HALL, HERR, and DIFFENDAFFER, Commissioners, concur.

LESTER, J., disqualified and not participating.

By the Court: It is so ordered.

Note.—See "Torts," 38 Cyc. p. 488, n. 14.