## JOHNSON v. NOBLE et al.
### No. 721.

Circuit Court of Appeals, Tenth Circuit.
March 31, 1933.

Warren K. Snyder and Malcom W. McKenzie, both of Oklahoma City, Okl. (J. H. Everest and Everest, McKenzie, Halley & Gibbens, all of Oklahoma City, Okl., on the brief), for appellant.

Hal G. Thurman and B. B. Blakeney, both of Oklahoma City, Okl. (W. H. Francis, of Dallas, Texas, and Blakeney, Ambrister &

Wallace, of Oklahoma City, Okl., on the brief), for appellees.

Before COTTERAL and McDERMOTT, Circuit Judges, and JOHNSON, District Judge.

COTTERAL, Circuit Judge.

Mary E. Johnson sued John M. Noble and the Magnolia Petroleum Company in the District Court of Oklahoma County, Okl., for slander of her title to certain tracts of land in Oklahoma City. She alleged her citizenship and that of Noble to be in Oklahoma and that of the Magnolia Company in Texas, where it was chartered. The cause was removed to the federal District Court by the Magnolia Company, on the ground of a separable controversy with the plaintiff. The plaintiff moved to remand the case to the state court. That motion was denied by the District Judge.

The case was tried to a jury and another judge. The defendants demurred to plaintiff's evidence, and moved for a directed verdict for failure of the evidence to show a cause of action. The motions were sustained, and judgment was rendered against the plaintiff. She has appealed, but does not assign as error the ruling on the motion to remand the cause, raising the question of jurisdiction only in her argument and brief. However, it is the duty of this court to inquire on its own motion into the jurisdiction of the District Court. Mansfield, C. & L. M. R. Co. v. Swan, 111 U. S. 379, 4 S. Ct. 510, 28 L. Ed. 462; Chicago, B. & Q. R. Co. v. Willard, 220 U. S. 413, 31 S. Ct. 460, 55 L. Ed. 521; City of Gainesville v. Brown-Crummer Inv. Co., 277 U. S. 54, 48 S. Ct. 454, 72 L. Ed. 781; Teel v. Chesapeake & O. R. Co. (C. C. A.) 204 F. 918, 47 L. R. A. (N. S.) 21; Barnett v. Mayes (C. C. A.) 43 F.(2d) 521.

Diverse citizenship between all the parties on both sides of the suit was essential to federal jurisdiction, unless there was a separable controversy between the plaintiff and the Magnolia Company. Section 71, title 28, U. S. Code (28 USCA § 71). The jurisdictional question is to be determined upon plaintiff's petition and the law of Oklahoma relative to joining tort-feasors in a suit. Alabama Great So. R. Co. v. Thompson, 200 U. S. 206, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Cincinnati, N. O. & T. P. R. Co. v. Bohon, 200 U. S. 221, 26 S. Ct. 166, 50 L. Ed. 448, 4 Ann. Cas. 1152; Hay v. May Dept. Stores Company, 271 U.

S. 318, 46 S. Ct. 498, 70 L. Ed. 965; Padgett v. Chicago, R. I. & P. R. Co. (C. C. A.) 54 F.(2d) 576.

According to the petition, the plaintiff obtained title to the land as follows: Forest S. Myers acquired the land from the government and conveyed it to Eva Myers. She and her husband, D. L. Myers, conveyed the land to a plow company, and it in turn conveyed to Evan R. Williams. The latter, joined by his wife, conveyed it to the plaintiff. The deeds were recorded; the last of them on December 17, 1917.

It is further alleged that Noble obtained a deed from D. L. Myers and his wife, Eva Myers, thereafter, in January, 1923, recorded it in February, 1923, and executed an oil and gas lease thereon to the Magnolia Petroleum Company, which was recorded on January 10, 1929; that before and after the lease was made the plaintiff had opportunities to lease the property and to sell the royalty interests therein; that, after Noble obtained his deed, of which the Magnolia Company had notice, plaintiff was offered large sums stated for a lease and the royalty interests in the land; that the defendants were advised of those offers, and plaintiff demanded a release of their claims to the land; that her attorney notified Noble he had no interest in the land; and that he had been instructed to bring suit to quiet plaintiff's title and to recover damages for slander of the title by placing of record his deed and the lease, which prevented plaintiff from receiving a large sum for a lease and her mineral rights; that the plaintiff notified the Magnolia Company of her rights and interest, and furnished it an abstract of title setting out plaintiff's title; that at various times thereafter the plaintiff notified Noble and the Magnolia Company of the offers she had for a lease and her royalty; that the recording of the deed and lease constituted a cloud upon plaintiff's title, and prevented a sale by her of her lease and of her royalty, but the defendants continuously claimed the title thereto until she brought a suit and quieted her title against them.

It is alleged in the last sentence of the ninth paragraph of the petition that the recording by Noble of the deed of Myers and wife, of which the Magnolia Company had notice, and the recording of the lease by the company were done by defendants with knowledge of plaintiff's rights, and with the intent of doing a wrongful act to her title without justification or excuse.

The defendants filed separate answers, challenging the sufficiency of the petition, and pleading denials and matters of defense.

■ It was the theory of the plaintiff that the acts of recording the deed and the lease, with notice of her title and a wrongful purpose, combined to slander her title, and that she was entitled, under the prevailing law and procedure in Oklahoma, to maintain her suit therefor against both defendants. We think the plaintiff was right, as we understand the pertinent decisions. Northup v. Eakes, 72 Okl. 66, 178 P. 266; City of Tulsa v. Wells, 79 Okl. 39, 191 P. 186; Cain v. Quannah L. & I. Co., 131 Okl. 25, 267 P. 641; Hunt v. Rowton, 143 Okl. 181, 288 P. 342; Tidal Oil Co. v. Pease, 153 Okl. 137, 5 P.(2d) 389, 391; Morgan v. Hines (D. C.) 260 F. 585; Centerville State Bank v. National Surety Co. (C. C. A.) 37 F.(2d) 338; Padgett v. Chicago, R. I. & P. R. Co. (C. C. A.) 54 F.(2d) 576, 577.

In the Pease Case, quoting from 38 Cyc. 488, it was said that "to make tort-feasors liable jointly there must be some sort of community in the wrong-doing, and the injury must be in some way due to their joint work, but it is not necessary that they be acting together or in concert if their concurring negligence occasions the injury."

And in the Padgett Case it was said: "It is the rule in Oklahoma that tort feasors may be joined in an action or sued separately at the election of the plaintiff. He has a right to maintain a suit in either way."

■ It was therefore unavailing to the Magnolia Company to allege, as it did in its petition for removal, that there was a separable controversy between it and the plaintiff, as Noble claimed no interest in the lease, and the company claimed none in the royalty, and he was not liable for the refusal of the company to discharge the lease, and the company is not liable for his failure to remove his deed as a cloud on the title. According to the decisions, plaintiff was entitled to allege the acts of both as slandering her title; and the Magnolia Company could not separate or differently describe her cause of action, which she elected to make joint. The petition is decisive, where there is no claim of fraudulent joinder. Hay v. May Dept. Stores Company, 271 U. S. 318, 46 S. Ct. 498, 70 L. Ed. 965.

During the production of the evidence, plaintiff was given leave to amend the last sentence of the ninth paragraph of her petition to read, in substance, that at the time Noble took and recorded his deed, of which the Magnolia Company had notice, and the company took and recorded its lease, the taking of the deed and lease were done with full knowledge of plaintiff's rights, and the deed was taken and the lease was given with the intent of doing a wrongful act to plaintiff's title and with the malicious intent to slander her title and prevent her from disposing of the property.

But those averments do not in our judgment support the jurisdiction of the federal court. Their only tendency is to restrict the complaint to the tortious acts of Noble, and to allege, not only no separable controversy with the Magnolia Company, but none at all. But we do not mean to pass on the amendment except in so far as it pertains to the removal of the suit.

We are of the opinion that there was no separable controversy in the case, and that there was error in refusing the motion to remand it to the state court. The judgment of the District Court is reversed, with direction to so remand the case.

Reversed and remanded.

## McDERMOTT, Circuit Judge.

I concur in the order of reversal, in the statement of the case, and in the principles of law so succinctly stated by Judge COTTERAL. Whether we are in accord in our construction of the petition as amended is not so clear. I therefore state the reasons which lead me to a reversal.

The petition, as amended at the trial, should be construed as a whole. Appellant, in the briefs here, disclaims any cause of action predicated upon the refusal of appellees to release their claims of record, but characterizes her petition as sounding in the wrongful recording of the instruments and not the refusal to release instruments rightfully recorded. The Magnolia alone could release its lease; Noble alone could release his deed. If the refusal of the Magnolia to release is counted on as a cause of action, it would be separable and removable. Appellant in her brief says:

"The cause of action rests upon the joint tort of the parties in placing these instruments of record and particularly the joint action of the Magnolia Company and Mr. Noble in the execution, acknowledgment, delivery, acceptance, and recording of the oil and gas lease."

We have no present concern with whether there is a misjoinder of a cause of action against Noble alone for recording the deed

in 1923, and another against Noble and the Magnolia jointly for giving, accepting, and recording the lease in 1929. Hamilton v. Empire Gas & Fuel Co. (C. C. A. 8) 297 F. 422, certiorari denied 266 U. S. 607, 45 S. Ct. 92, 69 L. Ed. 465. The question is, Does the petition, as amended, state a separable cause of action against the Magnolia? If so, the cause is removable; otherwise not.

I find nothing in the petition as amended, which can fairly be construed as undertaking to allege a separable cause of action against the Magnolia for its own act in recording its lease with knowledge that its lessor had no title. Whether the petition charges any joint wrong in recording the deed or lease, or whether there is any proof of such joint wrong, is not before us; the District Court had no jurisdiction unless a separable cause of action was stated.