**ALLEN v. CAVIN, Sheriff, et al.**

No. 26165. Feb. 23, 1937.

Rehearing Denied March 23, 1937.

A. O. Manning, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, R. J. Elam, and A. L. Zinser, for defendants in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. Plaintiff brought an action against the sheriff and alleged two causes of action.

The first was based upon the illegal confinement with members of the opposite sex in violation of section 3303, O. S. 1931. In no sense did the evidence introduced sustain this cause of action. The evidence neither reflects a violation of the statute nor does it tend to show that plaintiff suffered any damage by reason of the alleged violation.

The second cause of action showed by competent evidence that on the night of the 29th of January, 1931, a fire broke out in the city jail at Enid, Okla., where the plaintiff was incarcerated as a federal prisoner; that when she discovered the fire she went to the jailer's department where the sheriff or his deputy was supposed to be, and that neither the sheriff nor the deputy was there; that she thereupon called the fire department, and that after some time elapsed they responded to the call; that plaintiff, in attempting to escape through a hole made by pounding on a steel door leading to the jail stairway, was injured by falling on a stairway, for which injury she seeks the damages alleged in said cause of action. The evidence tends to show that if either the sheriff or his deputy had been present at the jail, the prisoners could have been evacuated either through the elevator which led to the jail or in some other manner. By cross-examination the defendant attempted to controvert this statement of facts, and the trial court found that the sheriff's deputy arrived at the jail in time to open the door, which had formerly been pounded in and from which the plaintiff had escaped, and that all of the prisoners were evacuated without danger to any of them. He thereupon sustained a demurrer to the evidence on behalf of the defendant.

We are of the opinion, and hold, that the court committed error in sustaining a demurrer to the evidence, for the reason that there is competent evidence to go to the jury as to whether or not the sheriff was negligent under the circumstances. That a sheriff is liable under the statutes of this state for a failure properly to keep the jail in accordance with the statutory direction has been determined in this and other states.

Section 7632, O. S. 1931, provides as follows:

"The sheriff shall have the charge and custody of the jail of his county, and all the prisoners in the same, and shall keep such jail himself, or by his deputy or jailer, for whose acts he and his sureties shall be liable."

This statute was first construed in Hixon v. Cupp, 5 Okla. 545, 49 P. 927, in an injury resulting in damage to a prisoner by the holding of "kangaroo" court, and therein the court said:

"It is the duty of the sheriff to safely keep and protect the prisoners in his charge from unlawful injury, and, if unlawful as-

saults are made upon such prisoners in the county jail by others who are confined therein, the sheriff will be responsible in an action for damages to the prisoner suffering the injury, if the sheriff and his deputies or jailer in his employment, or deputed by him, are aware of the contemplated assault, and do not use every reasonable means to prevent it. Such neglect on the part of either the sheriff, deputies, or jailer is a failure to 'faithfully perform' the duty of sheriff.

"The liability of the sureties on the sheriff's bond in such a case is a joint one with the sheriff, and they may be sued, together with the sheriff, directly upon his bond, for such nonfeasance or misfeasance in office, and they will be liable together with him thereon.

"The sureties are, however, not liable for exemplary damages. The measure of damages, as against the sureties, is, in the absence of any provision of the statute, just compensation for actual injury."

It will be seen that that case holds that the sureties on the bond are not liable for exemplary damages occasioned by a failure properly to keep the jail. In an annotation following Yesel v. Watson (N. D.) 226 N. W. 624, 64 A. L. R. 929, this case is cited as an authority supporting the rule that the weight of authority is to the effect that unless the statute directs to the contrary, sureties on official bonds are liable only for actual damages which one may sustain resulting from a breach of the bond, and not damages that may be awarded by way of punishment of the principal. That rule has never been changed in this state.

In Hunt v. Rowton, 143 Okla. 181, 288 P. 342, Hixon v. Cupp, supra, was cited again in a judgment obtained by the wife of a prisoner who died as a result of exposure to smallpox. Therein the court said:

"The statute places the sheriff in charge of the county jail and all prisoners therein. He is in charge of the jail and is responsible for the safekeeping of its inmates. The statute requires that he keep the place clean and healthy. The statute further provides that the county commissioners shall inspect the jail and see that it is properly maintained and prisoners properly treated. The statute further provides that the commissioner of charities may inspect the jail and require that same be maintained in a clean and healthy manner and that prisoners be properly treated."

It was again cited with approval by this court in Taylor v. Slaughter, 171 Okla. 152, 42 P. (2d) 235, in the following syllabus:

"Section 5898, C. O. S. 1921 (section 7632, O. S. 1931), provides that the sheriff shall have the charge and custody of the jail of his county, and of the prisoners in the same, and shall keep such jail himself or by his deputy or jailer, for whose acts he and his sureties shall be liable.

"It is the duty of the sheriff to safely keep and protect the prisoners in his charge from unlawful injury, and, if unlawful assaults are made upon such prisoners in the county jail by others who are confined therein, the sheriff will be responsible in an action for damages to the prisoner suffering the injury, if the sheriff and his deputies or jailer in his employment or deputed by him are aware of the contemplated assault and do not use every reasonable means to prevent it. Such neglect on the part of either the sheriff, deputies, or jailer, is a failure to 'faithfully perform' the duty of sheriff."

See, also, State of Indiana ex rel. Tyler v. Gobin, 94 Fed. 48.

It may be seen, therefore, that the weight of authority is that the statutory duty imposed upon the sheriff to keep his prisoners safely charges him with the duty of ordinary care to accord them decent treatment and to see that they do not come to harm by negligence. We are, therefore, of the opinion that this matter should have been submitted to the jury under the facts in this case.

In this connection defendants urge that, admitting that the sheriff was negligent, the acts of the sheriff were not the proximate cause of the injury, but that the voluntary act of plaintiff herself in attempting to escape from the jail caused the injury. In 45 C. J. 934, it is said:

"If the occurrence of the intervening cause might reasonably have been anticipated, such intervening cause will not interrupt the connection between the original cause and the injury."

In St. Louis-San Francisco Ry. Co. v. Mills, 3 Fed. (2d) 882, an employee had gotten on a streetcar, having been placed thereupon by a guard of the company during a period of strike. He was shot from the rear platform by a malcontent and died as a result of the wounds. Therein the court said:

"In behalf of the employer it is contended that, though it negligently failed to comply with an obligation it incurred to furnish the employee protection from threatened acts of violence by strikers or their sympathizers, which, under the circumstances, might reasonably have been anticipated, that negligence was not a proximate cause of the employee's death, because his death would not have occurred, but for the supervening of an independent and disconnected agency.

Negligence properly may be regarded as the proximate cause of an injury, if it appears that the injury was the natural and probable consequence of the negligence, and that in the light of the attending circumstances it ought to have been foreseen by the wrong-doer. A careless person is liable for all the natural and probable consequences of his misconduct. If the misconduct is of a character which, according to the usual experience of mankind, is calculated to invite or induce the intervention of some subsequent cause, the intervening cause will not excuse him, and the subsequent mischief will be held to be the result of the original misconduct. Milwaukee, etc., Railway Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256; Atchison, etc., Railway Co. v. Calhoun, 213 U. S. 1, 9, 29 S. Ct. 321, 53 L. Ed. 671; Delaware & Hudson Co. v. Ketz, 233 F. 31, 147 C. C. A. 101."

We are of the opinion that there was some evidence of negligence which the jury might have found resulted in the injury as pleaded by the plaintiff.

The cause is reversed and remanded, with directions to overrule the demurrer to the evidence and proceed in| accordance with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.