## HOUSER v. KURN et al.
### No. 1693.

Circuit Court of Appeals, Tenth Circuit.

Dec. 19, 1938.

R. D. Hudson and Wash E. Hudson, both of Tulsa, Okl., and S. J. Montgomery, of Oklahoma City, Okl., for appellant.

Cruce, Satterfield & Grigsby and Ben Franklin, all of Oklahoma City, Okl., for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

This action was brought in the district court of Oklahoma County, Oklahoma, by L. V. Houser against the St. Louis & San Francisco Railway Company, its receivers James M. Kurn and John G. Lonsdale, and Charles Gorman to recover damages for personal injuries sustained in a railroad crossing accident.

The Railway Company is incorporated under the laws of Missouri and is a citizen of that state. Houser and Gorman are citizens of Oklahoma.

The Railway Company and its receivers removed the cause to the United States District Court on the grounds of a separable controversy and the fraudulent joinder of Gorman. A motion to remand was denied and the cause tried to a jury. Houser has appealed from an adverse verdict and judgment.

Whether the suit was removable is the sole question presented on this appeal.

Title 28 U.S.C.A. § 71, reads in part as follows:

"* * * And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

Houser in his petition alleged that on February 21, 1933, he was driving his automobile along a street in Mannford, Oklahoma; that as he approached the railroad

crossing, he looked and listened, and failing to see or hear anything, drove on to the tracks; that an embankment at the crossing obstructed his view; that a train under the control of Gorman, as engineer, struck his automobile and as a result thereof he suffered serious injuries. He further alleged:

"That defendants and each of them at the time and place, hereinabove mentioned and in operating said train in the manner and method above set out, were guilty of negligence and want of care in the following particulars, to-wit:

"(a) In operating said locomotive and train attached at such a high and dangerous rate of speed over the thickly traveled highway intersection or crossing as aforesaid.

"(b) In failing to sound a whistle or ring a bell or give warning of the approach when approaching said highway intersection and crossing; * * *

"(c) In failing and neglecting to provide and maintain gates, or automatic warning signals, or flagmen or watchmen at said crossing, to warn the traveling public of the approach of defendants' trains.

"(d) In failing and neglecting to keep and maintain said railway crossing in good repair and condition so that vehicles could cross safely; and that said defendants, and each of them, failed to keep and maintain a proper lookout in approaching said highway crossing and to propel and drive the locomotive and train at such speed as to avoid the collision complained of by this plaintiff.

"(e) In failing and neglecting to stop said locomotive and train when defendant Gorman discovered plaintiff in a place of peril.

"(f) That said defendants and each of them were negligent in that they were operating their locomotive and train at a high and dangerous rate of speed, to-wit: 50 miles per hour; and that this particular act of negligence commingled and combined with the other acts of negligence herein set forth and caused the collision complained of by said plaintiff * * * that the said accident and the resulting injuries to plaintiff were due to, and caused by the negligence and want of care upon the part of the defendants and each of them, but for which the said accident could not have occurred as aforesaid."

In Hay v. May Department Stores Co., 271 U.S. 318, at page 321, 46 S.Ct. 498, at page 499, 70 L.Ed. 965, the court said:

"It is well settled by the decisions of this court, that an action brought in a State court against two defendants jointly, in which the plaintiff states a case of joint liability arising out of the concurrent negligence of the defendants, does not present a separable controversy authorizing the removal of the cause to a Federal court, even though the plaintiff might have sued the defendants separately; the allegations of the complaint being decisive as to the nature of the controversy in the absence of a showing that one of the defendants was fraudulently joined for the purpose of preventing the removal."

See, also, Chicago, R. I. & P. Ry. Co. v. Dowell, 229 U.S. 102, 111, 33 S.Ct. 684, 57 L.Ed. 1090; Morgan v. Kroger Grocery & Baking Co., 8 Cir., 96 F.2d 470, 473; Padgett v. Chicago, R. I. & P. Ry. Co., 10 Cir., 54 F.2d 576.

Whether the liability of the defendants under the allegations of the petition was joint or several is to be determined by the law of Oklahoma. Chicago, R. I. & P. Ry. Co. v. Whiteaker, 239 U.S. 421, 424, 36 S.Ct. 152, 60 L.Ed. 360; Watson v. Chevrolet Motor Co. of St. Louis, 8 Cir., 68 F.2d 686, 688; Huffman v. Baldwin, 8 Cir., 82 F.2d 5, 8.

In Northup v. Eakes, 72 Okl. 66, 178 P. 266, 268, the court quoted with approval from 38 Cyc. 488, as follows:

"Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it. It has been said that 'to make tortfeasors liable jointly there must be some sort of community in the wrongdoing, and the injury must be in some way due to their joint work, but it is not necessary that they be acting together and in concert if their concurring negligence occasions the injury.'"

The rule announced in Northup v. Eakes, supra, was reiterated in Walters v. Prairie Oil & Gas Co., 85 Okl. 77, 204 P. 906, 908, and Tidal Oil Co. v. Pease, 153 Okl. 137, 5 P.2d 389, 391, and followed in Padgett v. Chicago, R. I. & P. Ry. Co., 10 Cir., 54 F.2d 576. The same principle was applied in Watson v. Chevrolet Motor

490

Co. of St. Louis, 8 Cir., 68 F.2d 686. See, also, Hunt v. Rowton, 143 Okl. 181, 288 P. 342, 344; Missouri Motor Distributing Co. v. Barker, 170 Okl. 183, 39 P.2d 544.

In City of Tulsa v. Wells, 79 Okl. 39, 191 P. 186, 191, the court quoted with approval from Gould on Pleadings, 6th Ed., 390, as follows: "If several persons join in committing a trespass, or tort of any kind, the party injured may generally, at his election, sue them all jointly * * *." See, also, Avery v. Wallace, 98 Okl. 155, 224 P. 515, 517; Padgett v. Chicago, R. I. & P. Ry. Co., supra.

While the petition alleged separate and independent acts of negligence, it alleged that these acts combined to produce a single injury, and that the accident and resulting injuries to Houser were caused by the negligence of the defendants and each of them. Under the principles announced in the Oklahoma decisions it stated a case of joint liability arising out of the concurring negligence of the defendants.

The burden was upon the Railway Company and its receivers to allege and prove fraudulent joinder. Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147. They did not meet this burden.

It follows that the case was improperly removed. The judgment is reversed and the cause remanded with instructions to remand the case to the state court.

Reversed and remanded.