Robert KEEL, Plaintiff,

v.

Forrest A. HAINLINE, Jr., Guardian of the Estate of Patricia Ann Burge, Defendant in Error.

No. 37888.

Supreme Court of Oklahoma.

Sept. 16, 1958.

Rehearing Denied Oct. 28, 1958.

Hudson, Hudson, Wheaton & Kyle, O. C. Essman, Tulsa, for plaintiff in error.

Floyd L. Walker, Tulsa, for defendant in error.

WILLIAMS, Justice.

In this action, Patricia Ann Burge, a minor, hereinafter referred to as plaintiff, obtained a judgment against Larry Jennings, Robert Keel, Harry Grove, A. C. Saint III, Dick Polite, Jr., and Don Cummings, all of whom are minors, for damages for personal injury. Defendant Keel alone appeals.

As his first proposition of·error defendant asserts that the court erred in overruling defendant's demurrer to the evidence and his motion for a directed verdict because there was no evidence that the injury was willfully or intentionally inflicted or that the injury was the proximate result of wrongful and unlawful activity on the part of Keel and the other defendants.

The evidence reveals that on February 1, 1956, some thirty five to forty students attending the Woodrow Wilson Junior High School at Tulsa, Oklahoma, went to a class-room for instruction in music. The class met at the hour of 10:30 a. m., but, for some unknown reason, their instructor did not make an appearance until some thirty or forty minutes later. During the absence of the instructor, several of the male students indulged in what they termed "horse play". This activity consisted of throwing wooden blackboard erasers, chalk, cardboard drum covers, and, in one instance, a "coke" bottle, at each other. It appears

that two or three of the defendants went to the north end of the class room and the remaining defendants went to the south end of the room. From vantage points behind the blackboard on the north end and the piano on the south end, they threw the erasers and chalk back and forth at one another. This activity was carried on for a period of some 30 minutes, and terminated only when an eraser, thrown by defendant Jennings, struck plaintiff in the eye, shattering her eye glasses, and resulting in the loss of the use of such eye. Plaintiff was sitting in her chair near the center of the room engaged in studying her lessons at the time she was struck by the eraser, and had not been participating in the so called "horse play" in any manner. None of the defendants intended to strike or injure plaintiff. They were, however, throwing at each other, with the intention of striking each other, although in sport and apparently without intent to cause injury.

The case of Peterson v. Haffner, 59 Ind. 130, 26 Am.Rep. 81, involved a situation in which the defendant, between 13 and 14 years of age, was playing in the street with some boys, and in sport threw a piece of mortar at another boy, and the mortar hit a third boy in the eye, putting it out. In the opinion affirming the judgment for the plaintiff, the court held that it was clear that an assault and battery had been committed. In the body of the opinion it is stated:

"He did not intend to inflict the injury, but he intended to do the wrongful act from which the injury resulted and he is answerable for that result. 3 Cooley's Bl.Com. 120, n. 4. The fact that the act was done in sport, it having been intentionally done, will not relieve the perpetrator from liability. See Adams v. Waggoner, 33 Ind. 531."

The case of Singer v. Marx, 144 Cal.App. 2d 637, 301 P.2d 440, 442, involved a situation in which a 9 year old boy threw a rock which struck and injured an 8 year old girl. In the body of the opinion the court said:

"An infant who forceably invades the person of another is liable for a battery regardless of an intent to inflict injury; the only intent which is necessary is that of doing the particular act in question—in this case throwing a rock at somebody."

In the same opinion the court also said:

"While throwing rocks at trees or into the street ordinarily is an innocent and lawful pastime, that same act when directed at another person is wrongful. The evidence at bar (combining that of Barbara with portions of Tim's own testimony) warrants an inference that Tim threw at Barbara and inadvertently struck Denise. In such circumstances the doctrine of 'transferred intent' renders him liable to Denise."

Defendant strenuously argues that the class had not been called to order by the teacher and that the defendants were merely playing until the teacher arrived, and therefore could not be said to have been engaged in any wrongful or unlawful acts. We do not agree. We do not believe and are not willing to hold that the willful and deliberate throwing of wooden blackboard erasers at other persons in a class room containing 35 to 40 students is an innocent and lawful pastime, even though done in sport and without intent to injure. Such conduct is wrongful, and we so hold. Under such circumstances the rule applicable to this case is well stated at 4 Am.Jur. 128, Assault and Battery, sec. 5, as follows:

"Where, however, the basis of an action is assault and battery, the intention with which the injury was done is immaterial so far as the maintenance of the action is concerned, provided the act causing the injury was wrongful, for if the act was wrongful, the intent must necessarily have been wrongful. The fact that an act was done with a good intention, or without any unlawful intention, cannot change that which, by reason of its unlawfulness, is essentially an assault and battery into a lawful act, thereby releasing the aggressor from liability."

See also Peterson v. Haffner, supra; Mohr v. Williams, 95 Minn. 261, 104 N.W. 12, 1 L.R.A.,N.S., 439; Vosburg v. Putney, 80 Wis. 523, 50 N.W. 403, 14 L.R.A. 226; Rolater v. Strain, 39 Okl. 572, 137 P. 96, 50 L.R.A.,N.S., 880. We therefore conclude that there is no merit in the first proposition.

As his second proposition of error, defendant asserts that there is no evidence that he aided, abetted or encouraged defendant Jennings to throw the eraser in such a manner as to injure Burge or that he aided, abetted or encouraged an assault and battery on Burge.

■ It is undisputed that defendant Keel participated in the wrongful activity engaged in by the other defendants of throwing wooden blackboard erasers at each other back and forth across a class room containing 35 to 40 students, although most of the testimony indicates that defendant Keel's participation was limited to the retrieving of such erasers and handing them to other defendants for further throwing. Keel aided and abetted the wrongful throwing by procuring and supplying to the throwers the articles to be thrown. It is immaterial whether defendant Keel aided, abetted or encouraged defendant Jennings in throwing the eraser in such a manner as to injure Burge, or not, since it is virtually undisputed that defendant Keel aided, abetted or encouraged the wrongful activity of throwing wooden erasers at other persons, which resulted in the injury to Burge. In this connection see Selby v. Lindstrom, 59 Okl. 227, 158 P. 1127; Williams v. Townsend, 15 Kan. 563, 27 Pac.States Rep. 424; 4 Am.Jur. 127, Assault and Battery, sec. 4; 52 Am.Jur. 455, Torts, sec. 116.

■ As his last assignment of error defendant asserts that the court erred in giving instruction No. 9. Such instruction is as follows:

"You are instructed that if you find and believe, from a preponderance of the evidence, that plaintiff was struck by a blackboard eraser thrown by one of the defendants, and that plaintiff did not provoke the striking or consent thereto, that such act would be an assault and battery upon the plaintiff; and if you further find and believe from a preponderance of the evidence that Patricia Ann Burge was injured and sustained damages as a result thereof, then you are instructed that you should find the issues for the plaintiff and against the defendant that threw the eraser.

"If you find for the plaintiff and against the defendant who actually threw the eraser, then you are instructed that if you should further find and believe from a preponderance of the evidence, that one or more of the remaining defendants, did by their acts, signs, gestures, words or demeanor, either aid, abet, encourage, procure, promote or instigate the assault and battery, then your verdict should be against all of the defendants who participated in the assault and battery, if any, either as the actual assailant or by aiding, abetting, encouraging, procuring, promoting or instigating the throwing of the eraser by the actual assailant."

The first paragraph of such instruction deals with the responsibility of the one defendant who actually threw the eraser that caused the injury. The undisputed evidence is that defendant Jennings threw that eraser at defendants Saint and Keel, missing them and hitting plaintiff. As a matter of law, this constitutes assault and battery, and the instruction correctly states the law in that regard. Peterson v. Haffner, supra; Singer v. Marx, supra; 6 C.J.S. Assault and Battery § 10(2), page 804.

The second paragraph of such instruction deals with the responsibility of those defendants who may have aided, abetted, encouraged, procured, promoted or instigated the act which caused the injury, and is a correct statement of the law and was proper under the evidence in this case. 4 Am.Jur. 127, Assault and Battery, Sec. 4; 6 C.J.S. Assault and Battery § 27a, page 830; Hirschman v. Emme, 81 Minn. 99, 83 N.W.

482; Turner v. Whittel, 2 Cal.App.2d 585, 38 P.2d 835; Acree v. North, 110 Neb. 92, 192 N.W. 947; Walker v. Keller, Tex.Civ.App., 226 S.W. 796; Shear v. Woodrick, 181 Wis. 30, 193 N.W. 968; Garrett v. Garrett, 228 N.C. 530, 46 S.E.2d 302. As is well stated at 52 Am.Jur. 454, Torts, Sec. 114;

"One who commands, directs, advises, encourages, procures, instigates, promotes, controls, aids, or abets a wrongful act by another has been regarded as being as responsible as the one who commits the act so as to impose liability upon the former to the same extent as if he had performed the act himself."

Judgment affirmed.