## MISSOURI MOTOR DISTRIBUTING CO. v. BARKER.

No. 23798.   Jan. 8, 1935.

M. C. Rodolf, for plaintiff in error.

O. H. Searcy and J. B. Underwood, for defendant in error.

PER CURIAM. This is an appeal from a judgment rendered against the defendant Missouri Motor Distributing Company, in the district court of Tulsa county, Okla., and grows out of an automobile accident which occurred about June 9, 1931, when plaintiff was driving from Tulsa to Claremore. Two companies were made defendants, the Yellow Transit Company and the Missouri Motor Distributing Company. The Yellow Transit Company was operating a truck which was traveling on the highway preceding the Missouri Motor Distributing Company truck at the time of the accident. The cause was tried to a jury and resulted in a verdict and judgment in favor of the plaintiff and against defendants. After the appeal was filed in this court by plaintiff in error, the judgment was released of record as to the defendant Yellow Transit Company, by the attorneys for plaintiff, defendant in error herein.

The appeal is presented upon a single assignment of error, to wit, "That there was no evidence to support a verdict in favor of plaintiff and against the Missouri Motor Distributing Company." No authorities are cited in the brief of the plaintiff in error, and it relies entirely upon the contention that there was absolutely no testimony of any negligence on the part of the driver of the Missouri Motor Distributing Company which was the proximate cause of the injury, and argues that while there was some testimony to the effect that, when first observed, both trucks were south of the black line, yet that there was absolutely no evidence that when the plaintiff's car collided with the truck of the Missouri Motor Distributing Company, this defendant's truck was south of the center line on the highway.

It appears further from the record that the Yellow Transit Company truck was on the wrong side of the highway when it undertook to pass plaintiff's car, and the record clearly supports the fact that, when first observed, both trucks were south of the black line. Our court is committed to the doctrine that where the concurring acts of different persons, although acting independently, combine to produce a condition which is actionable negligence, each is responsible to the injured party for the entire result, even though the act or negligence alone of one sued might not have produced the result complained of. Selby Oil & Gas Co. v. Rogers, 94 Okla. 269, 221 P. 1012; Cushing Refining & Gasoline Co. v. Deshan, 149 Okla. 225, 300 P. 312.

From an examination of the rather lengthy record and the evidence disclosed thereby, we conclude that where original negligence continues and exists up to time of injury, concurrent negligence of third person causing injury is not independent act of negligence, but two concurring acts of negligence will be held to be proximate cause of injury. In coming to the conclusion that there was negligence by the driver of the plaintiff in error's truck, the jury had the right to take into consideration proof of proximate cause

of all attending circumstances, and, in this case, the jury came to the conclusion that the injury was caused by continuing negligence of defendant, and independent concurring negligence of a third person.

A reviewing court must assume, where the verdict is for plaintiff, that the jury believed the plaintiff's evidence.

There is testimony of negligence on the part of the driver of the Missouri Motor Distributing Company truck which, under the rules above set out, was the proximate cause of the injury, and even if the evidence is conflicting and men of ordinary intelligence might differ as to the effect of such issue in an action for damages for personal injuries, the question of whether the defendant's negligence was the proximate cause of the injury must be left to the jury.

The record does not show the sum, if any, paid by the Yellow Transit Company to secure the release of the judgment as to it. (C.-M. 280.) The judgment is affirmed without prejudice to the rights of the plaintiff in error to have determined the amount, if any, paid on said judgment by the Yellow Transit Company, and without prejudice to any rights plaintiff in error, or its surety on supersedeas bond, may have under section 5188, R. L. 1910 (section 477, O. S. 1931), against the Yellow Transit Company.

The Supreme Court acknowledges the aid of Attorneys Fred W. Green, Frank H. McGuire, and Frank S. Berton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Green, and approved by Mr. McGuire and Mr. Berton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion, as modified, was adopted.