## KEMP v. TAYLOR.

No. 34939.   Oct. 21, 1952.

Rehearing Denied Nov. 18, 1952.

*250 P. 2d 29.*

Owen F. Renegar, Oklahoma City, for plaintiff in error.

C. W. Clift and George Miller, Jr., Oklahoma City, for defendant in error.

PER CURIAM. Plaintiff brought this action against the defendant for personal injuries sustained at the intersection of Southeast 15th street and Mallard Drive in Midwest City, Oklahoma. Plaintiff alleges she was riding on a motorcycle traveling in an easterly direction and the defendant was traveling in a westerly direction and suddenly drove over and onto the south portion of 15th street throwing the plaintiff from the motorcycle and inflicting deep cuts on her left leg and multiple bruises about the body.

The parties will be referred to as they appeared below.

The defendant filed a general denial and alleged that the plaintiff was guilty of contributory negligence.  The case was tried to a jury, and resulted in a verdict for the plaintiff against the defendant in the sum of $400.

The assignments of error are presented under two propositions: First, that the demurrer to the testimony offered by plaintiff should have been sustained.  Second, that the verdict and judgment is not sustained by the evidence and is contrary to law.

The evidence showed that the plaintiff was riding as a passenger on the back of a motorcycle going in an easterly direction and the defendant was driving an automobile in a westerly direction.  The two vehicles collided. Plaintiff's witnesses testified that the defendant's automobile was across the center line and on the wrong side of the road at the time of the collision. The defendant and his witnesses denied this.

The court admitted testimony in the form of a letter from plaintiff's doctor as to the injuries plaintiff sustained.

"Mr. Clift: We offer in evidence the statement of Dr. C. Riley Strong, of El Reno, as Plaintiff's Exhibit 1.

"Mr. Renegar: To which the defendant objects. We do not object to the form of the testimony as offered, but the defendant objects to the same as being incompetent, irrelevant, and immaterial.

"(The Court reads Plaintiff's Exhibit 1.)

"The Court: It is introduced as being what the doctor would say, but the defendant does not agree that what he says in here is binding or true as to him."

The trial court did not err in the admission of this evidence.

As to the defendant's first assignment of error, that the demurrer to the testimony offered by the plaintiff should have been sustained, there is no merit in this contention.

"Verdict in law action, supported by competent evidence, will not be disturbed on appeal." Missouri Motor Distributing Co. v. Barker, 170 Okla. 183, 39 P. 2d 544. See Appeal and Error, 1001 (1).

The plaintiff in this case sustained deep cuts on her left leg leaving scars, was in bed two months, and suffered pain. The verdict and judgment was sustained by the evidence.

The judgment is affirmed.

This court acknowledges the services of Attorneys Paul W. Updegraff, Person E. Woodall and T. R. Benedum, who as Special Masters aided in the preparation of this opinion. The attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur. GIBSON, J., concurs in conclusion.