Carl COOK, Plaintiff in Error,

v.

Omar Duane BLACK, Defendant in Error.

No. 37416.

Supreme Court of Oklahoma.

April 30, 1957.

Paul W. Updegraff, Norman, for plaintiff in error.

Foliart, Hunt & Shepherd, Oklahoma City, for defendant in error.

JOHNSON, Justice.

Parties occupy the same relative positions here as in the trial court, and herein they will be referred to as they appeared in the court below.

Plaintiff sued Omar Duane Black (defendant) for damages for personal injuries allegedly suffered in an automobile accident. The cause was tried to a jury upon the issues joined, resulting in a verdict in favor of the defendant. The trial court approved the verdict and rendered judgment accordingly. Plaintiff's motion for new trial was overruled, and he appeals.

Plaintiff for reversal complains and relies upon the trial court's failure to give his requested Instruction No. 2. The requested instruction provides:

"You are instructed that under the evidence in the case that the negligence, if any, upon the part of Omar Duane Black, cannot be imputed to the plaintiff in this case, and you are therefore instructed that even if you should find that the driver of the car in which plaintiff was riding was guilty of negligence which contributed to the plaintiff's injury, if you further find from a preponderance of the evidence that the defendant was also guilty of negligence, which of itself, or combined with the negligence of the driver of the car in which plaintiff was riding, constitutes the proximate cause of plaintiff's injury, then your verdict may be for the plaintiff unless you further find, on his own part, the plaintiff was guilty of contributory negligence as defined to you in these instructions."

A brief resume of the evidentiary facts determinative of the issues involved in this case is that an automobile accident occurred in broad daylight at the intersection of State Highway 39 and U. S. Highway No. 77, approximately one-half mile north of Lexington, Oklahoma; that defendant, driving a pick-up truck, left the City of Lexington and headed north on State Highway 39; that while stopped at the intersection of that highway with U. S. Highway 77, in obedience to a stop sign, the pick-up truck was struck from the rear by an automobile occupied by plaintiff, Carl Cook, and driven by his brother, Jack Cook.

The record further discloses that State Highway No. 39 was a paved, straight and level highway; that the driver of the automobile, ignoring a stop sign, ran into the rear end of the pick-up truck, which at all times was visible to the driver of the automobile and so continued until the impact; that prior to the impact the automobile left 138 feet of heavy skid marks and knocked the pick-up approximately 153 feet from the point of impact.

Plaintiff argues that the court committed reversible error in refusing to give his requested instruction because his injuries were the result of the concurrent negligence of the driver of the automobile and of the driver of the pick-up truck, and, that being true, his rights were governed by the rule that if the concurrent negligence of two or more persons causes an injury to a third person, they are jointly and severally liable to the third person, and he may recover against them both, citing Ironside v. Ironside, 188 Okl. 267, 108 P. 2d 157, 134 A.L.R. 621, and other cases of similar import. This as a rule of law is correct, but we fail to see how, under the facts in this case, that such rule could be applied, even though that was the theory upon which the action against the defendant was brought.

Instructions of the trial court must be viewed in the light of the evidence upon which they operate and of the instructions as a whole. When thus considered, if it does not appear probable that the rights of

the complaining party were prejudiced by the alleged error in refusing to give plaintiff's requested instructions, a verdict against said party will not be set aside on account thereof. Prudential Insurance Co. of America v. Foster, 197 Okl. 39, 168 P. 2d 295, 166 A.L.R. 1. Applying this rule in the instant case, the judgment of the trial court must be, and is, affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.