Joseph F. CAPANNELLI, Appellant,

v.

Ellis L. GRANE and Alfred S. Kurtz,
Appellees.

No. 14580.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 9, 1959.

Decided April 9, 1959.

Mr. Ferdinand J. Mack, Washington,
D. C., with whom Mr. Arthur J. Hilland,
Washington, D. C., was on the brief, for
appellant.

Mr. Dexter M. Kohn, Washington, D. C., with whom Mr. J. E. Bindeman, Washington, D. C., was on the brief, for appellee Grane. Mr. Leonard W. Burka, Washington, D. C., also entered an appearance for appellee Grane.

No appearance was entered for appellee Kurtz.

Before EDGERTON, DANAHER, and BURGER, Circuit Judges.

EDGERTON, Circuit Judge.

In February 1956 appellant contracted to buy the retail store of Harold's Liquors, Inc. The seller warranted that in the two weeks February 27 to March 10, 1956, "the gross retail sales received in the normal course of business shall be at least Six Thousand Six Hundred ($6,600) Dollars."

In July 1957 appellant sued the corporation, its managers, one Widner, appellee Grane, and others, claiming that they had "entered into a conspiracy to cheat and defraud the plaintiff by representing and making it appear to the plaintiff that the gross retail sales in the normal course of the retail liquor business" were at least $6,600, when they were in fact substantially less; that the "defendants carried out their said conspiracy and deceived, cheated, and defrauded the plaintiff by means of fictitious, false and fraudulent orders and deliveries * * * by and to the defendants" Widner and Grane; that Widner and Grane "pretended to receive delivery * * * and pretended to pay for" various liquors; and that as a result of this conspiracy the plaintiff sustained damage of $14,500.

There was testimony that Grane was a friend of O'Sullivan, Harold's manager; that although Grane had a liquor store of his own, during the test period he repeatedly placed orders in person or by telephone at Harold's Liquors with the plaintiff's wife, who was there to see that the contract quota was met; that Grane made counter purchases about eight times; that in telephoning orders he gave various addresses and did not identify himself; that he spent a great deal of time in the store during the test period and did not enter it afterwards; and that after the test period, the store's weekly business dropped between $500 and $700 to about $2,700.

Appellant became dissatisfied before the end of the test period, and postponed settlement several times. He requested but was not shown the store records. Nevertheless, he made the final payment of $15,000 on March 26, 1956.

■ The jury awarded damages against Harold's Liquors and against Widner. We think the court erred in directing a verdict for the defendant Grane. That a man who was himself a liquor dealer repeatedly made purchases at Harold's, a retail liquor store, during the test period, would support a finding that he was a party to the conspiracy to defraud the plaintiff. Even if Grane paid for the liquor, the sales were fraudulent if, as the jury might well have found, they were made with intent to defraud. They were in a sufficient sense fictitious, since they appeared to be and were not made in the normal course of business. There was evidence which tended to show that the purported telephone sales to Grane were false, fraudulent and fictitious in the further sense that there was no delivery and no intention to deliver.

■ No doubt the plaintiff was careless. No doubt a prudent person in his position would have discovered the fraud in time to refuse to complete the deal. But it does not follow that this plaintiff discovered it in time. Whether he acted in reliance on Grane's fraud, if any, was a typical jury question.

■ The District Court thought that even if Grane made fraudulent purchases, no damage was proved because the amount of the purchases was not proved. But if the purchases were among the causes that induced the plaintiff to complete a deal by which he lost money, the purchases damaged him. There was evidence that the business the plaintiff bought was worth several thousand dollars less than the price he paid. The measure of damages for such a fraud is

"the difference between the value of the property which he received and the value of the property with which he parted * * *." Federal-American Nat. Bank & Trust Co. of Washington, D. C. v. McReynolds, 62 App.D.C. 291, 294, 67 F.2d 251, 254.

On a retrial the witness Neuman's account of what O'Sullivan said to him about the conspiracy should not be admitted in evidence unless it appears then, as it does not now, that he said it in furtherance of the conspiracy. Cf. Delli Paoli v. United States, 352 U.S. 232, 237–239, 77 S.Ct. 294, 1 L.Ed.2d 278.

Appellant appears to have abandoned his appeal against Kurtz. It is therefore dismissed. The judgment in favor of appellee Grane is

Reversed.