**FRANCIS O. DAY CO., Inc., a corporation, Appellant,**

v.

**Jacob SHAPIRO, usually known as J. B. Shapiro, et al., Appellees.**

**No. 14801.**

United States Court of Appeals District of Columbia Circuit.

Argued March 18, 1959.

Decided May 21, 1959.

---

16. 7 U.S.T.1839, 1919, 1928, T.I.A.S. No. 3593.

Mr. Mark P. Friedlander, Washington, D. C., with whom Mr. Mark P. Friedlander, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Lucien Hilmer, Washington, D. C., for appellees. Messrs. David G. Bress and Sheldon E. Bernstein, Washington, D. C., were on the brief for appellees.

Before EDGERTON, DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

Appellant, a Maryland corporation, entered into a contract on December 2, 1954, for construction work on a devel-

opment project on lands located in Maryland, owned by certain of the corporate appellees. Shapiro Engineering Corporation as general contractor executed the contract through appellee, Jacob Shapiro, also known as J. B. Shapiro. When agreed payments were not forthcoming, appellant had judgment in the courts of Maryland.[1] Suit on the judgment was then commenced in the District Court, the complaint naming as defendants Shapiro Engineering Corporation, which defaulted, and the remaining appellees here, Jacob Shapiro, Shapiro Building Supply Corporation, Shapiro Development Corporation, Shapiro, Inc., Shapiro Mortgage Corporation, Shapiro Sales, Inc., and Connecticut Avenue Woods III, a corporation, all of which last-named parties moved to dismiss on the ground that "the complaint fails to state a claim or cause of action upon which relief can be granted." From the District Court's order dismissing the complaint with prejudice, this appeal was taken.

Before the adoption of the Federal Rules of Civil Procedure, 28 U.S. C.A. the Supreme Court had pointed out[2] that "cause of action" may "mean one thing for one purpose and something different for another." "At times and in certain contexts, *it is identified with the infringement of a right or the violation of a duty."*[3] (Emphasis added.) "At other times and in other contexts, it is a concept of the law of remedies * * *. Another aspect reveals it as something separate from writs and remedies, the group of operative facts out of which a grievance has developed."[4] It was observed that the Court had become increasingly liberal in its construction of allegations and as illustrative, Mr. Justice Cardozo cited among other cases,

1. Shapiro Engineering Corp. v. Francis O. Day Co., 1958, 215 Md. 373, 137 A.2d 695.

2. United States v. Memphis Cotton Oil Co., 1933, 288 U.S. 62, 68, 53 S.Ct. 278, 280, 77 L.Ed. 619.

3. We have applied this principle as related "to judicial action in vindication of a right or in remedying a wrong." Gold Seal Co. v. Weeks, 1954, 93 U.S.App.D.C. 249, 256, 209 F.2d 802, 808; Hans C. Bick, Inc. v. Watson, 1958, 102 U.S.App. D.C. 322, 253 F.2d 344; Smith v. Dulles, 99 U.S.App.D.C. 6, 236 F.2d 739, certiorari denied, 1956, 352 U.S. 955, 77 S.Ct. 329, 1 L.Ed.2d 244.

4. 288 U.S. at page 68, 53 S.Ct. at page 280.

Friederichsen v. Renard, 1918, 247 U.S. 207, 38 S.Ct. 450, 62 L.Ed. 1075, where "a cause of action by a defrauded buyer to set aside a contract was turned into a cause of action to recover damages for deceit." [5]

With the adoption of the new Rules the Court's concept as here to be applied was formulated in Rule 8(a)(2). "In appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim *unless is appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.*" [6] (Emphasis added.) The Court went on to explain that the Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' [8(a) (2)] that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. The illustrative forms appended to the Rules plainly demonstrate this. Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of Rule 8(f) that 'all pleadings shall be so construed as to do substantial justice,' we have no doubt that petitioners' complaint adequately set forth a claim and gave the respondents fair notice of its basis. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." [7]

■ Applying the standards so explicitly recognized by the Court, we are bound to reverse the order dismissing the complaint here. Fairly construed, the complaint showed that the appellant had performed work, labor and services to the value of many thousands of dollars which redounded to the advantage of some if not all of the appellees. Appellant's claim was found by the courts of Maryland to be fair and just. The appellant had not been paid. Thus, as appellant brought suit on its judgment we find alleged a claim for which relief may be had, as the facts and our law will make clear.

The complaint alleged that the "Defendant, Jacob Shapiro, usually known as J. B. Shapiro, is a resident of the District of Columbia * * * and is the principal stockholder and owner of the defendant corporations," Shapiro Building Supply Corporation, Shapiro Development Corporation, Shapiro Engineering Corporation, Shapiro Mortgage Corporation, and Shapiro Sales, Inc., all organized under the laws of Maryland, Shapiro, Inc., organized under the laws of Delaware, and Connecticut Avenue Woods III, organized under the laws of Maryland. All of the corporate defendants "had the same registered office, the same registered agent, the same qualification date in the District of Columbia,[8] the same directors and the same officers. The said companies operate, in fact, from the place of business of the said J. B.

5. Id., 288 U.S. at page 69, 53 S.Ct. at page 281.

6. Conley v. Gibson, 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80.

7. Id., 355 U.S. at pages 47–48, 78 S.Ct. at page 103.

8. The complaint makes clear that Connecticut Avenue Woods III is not registered in the District of Columbia, but the marshal's return shows service on the various named defendants including Connecticut Avenue Woods III, by his "handing to and leaving a true and correct copy [of the summons and complaint] with Maurice Shapiro Agent 1413 K St. NW" in the District of Columbia. The complaint alleged that Maurice Shapiro is the registered agent of the "above named corporations."

Shapiro, and the corporations are in fact one and the same. The employees of the corporations are the same," and "The corporations * * * are subsidiary or auxiliary corporations created by the said J. B. Shapiro merely as agencies for the latter and are identical with the defendant, J. B. Shapiro."

It is further alleged that Maurice C. Shapiro, the registered agent of the corporate defendants, in August 1943, had first conveyed about 80 acres of land in Mongtomery County, Maryland, to Oakwood Village, Inc. Thereafter, on September 1, 1953, Oakwood Village, Inc. conveyed from the entire tract: about 17 acres to Connecticut Avenue Woods III, Inc., another parcel of about 15 acres of the same land to Shapiro Building Supply Corporation and a third parcel of about 44 acres of the remaining land to Shapiro, Inc.

Appellant alleged further that on the second of December, 1954, the appellee J. B. Shapiro submitted a contract to the appellant "for the performance of labor and furnishing of materials on a project then being contemplated on the land," previously mentioned; that Shapiro wrote into the contract that the owners of the land were Connecticut Avenue Woods III, Inc., Shapiro Building Supply Corporation, and Shapiro, Inc.; that all were located at 1413 K Street, N. W. in the District of Columbia; that Shapiro Engineering Corporation was represented as the general contractor on the project involving the three parcels so held, and Shapiro Engineering Corporation "through J. B. Shapiro" executed the contract as the general contractor.

The complaint continued that appellant performed its work on the project and by judicial determination had become entitled to substantial remuneration therefor. Shapiro Engineering Corporation was then found to have been without funds or property and that the

contract "when made by the defendant J. B. Shapiro in the name of said corporation, was made for the purpose of evading liability," and that the contract "was in truth and fact the contract of J. B. Shapiro in the guise of a corporation."

Appellees ask us to sustain their judgment principally on the ground that "The obligations of a corporation cannot be foisted on others said to be related or with common control of officials unless there is both allegation and proof of fraud or concealment by the person or corporation sought to be charged, which fraud or concealment affected the creation or payment of the obligation of the principal corporate obligor." [9] We think the issue may not be so narrowly stated, as will be developed.

Appellees argue that there is no allegation asserting any "legal identity" between Shapiro Engineering Corporation and the appellees. The record is otherwise, particularly as to Shapiro as may be seen from the allegations, supra. They say there is no allegation of an illegal, improper or prejudicial transfer of assets from the judgment debtor to the appellees *after* the contract of December 2, 1954, had been entered into. The claim does not depend upon such circumstance. Appellees continue that the situation was, or should easily have been, known to appellant before it entered into the contract with Shapiro Engineering Corporation. Thus, since the complaint does not allege fraud or manipulation by anyone *after* the contract was made, appellant was not prejudiced, it is insisted. Appellees thus argue, in effect, that if appellant was sufficiently gullible as to trust Shapiro and his Shapiro Engineering Corporation, appellant deserves to take a loss of over $12,000. They urge that since the state of the record could or might have disclosed "the situation," as they call it, appellant was not justified in placing reliance upon Shapiro and his representations.[10] We do not see it that

9. Appellees' brief p. 5.

10. Even a careless person in some situations may be entitled to show exactly what circumstances produced his loss. Cf. Capannelli v. Grane, 1959, —— U.S. App.D.C. ——, 266 F.2d 445.

way, even though fraud has not been alleged.[11]

Of course, if appellant had relied upon fraud, it would have been bound to have made the charge clearly and specifically, for the Rule requires that "the circumstances constituting fraud * * * shall be stated with particularity." Fed.R.Civ.P. 9(b). Appellees would have us say that only fraud, or its equivalent, may lead to a disregard of the corporate form. But we are not so narrowly to be constricted. On the contrary, we are bound so to construe the pleadings before us "as to do substantial justice." Fed.R.Civ.P. 8(f). "This mandate is the heart of the rules on pleadings." 2 Moore, Federal Practice ¶ 8.34 (2d ed. 1948); and see Keiser v. Walsh, 1941, 73 App.D.C. 167, 118 F.2d 13; cf. Mayflower Hotel Stockholders Protective Committee v. Mayflower Hotel Corp., 1949, 84 U.S.App. D.C. 275, 173 F.2d 416. Courts generally, our own among them, take the position that the corporate form is not to be employed to work injustice. In Callas v. Independent Taxi Owners' Ass'n, 62 App. D.C. 212, 66 F.2d 192, 193, certiorari denied, 1933, 290 U.S. 669, 54 S.Ct. 89, 78, L.Ed. 578, we applied the rule as stated by Judge Sanborn:

> "'If any general rule can be laid down, in the present state of authority, it is that a corporation will be looked upon as a legal entity as a general rule, and until sufficient reason to the contrary appears; but, when the notion of legal entity is

used to defeat public convenience, justify wrong, protect fraud, or defend crime, the law will regard the corporation as an association of persons.' United States v. Milwaukee Refrigerator Transit Co., C.C.1905, 142 F. 247, 255."

Realities, in short, and not mere forms must be considered by the courts, and inevitably under certain circumstances, the limited liability normally to be attached to the corporate form will be qualified. "An obvious inadequacy of capital, measured by the nature and magnitude of the corporate undertaking, has frequently been an important factor in cases denying stockholders their defense of limited liability." Anderson v. Abbott, 1944, 321 U.S. 349, 362, 64 S.Ct. 531, 538, 88 L.Ed. 793.

In Peoples Mortg. Corporation v. Bedrosian, 1946, 81 U.S.App.D.C. 69, 154 F.2d 332, we reversed a judgment recovered by a plaintiff whose complaint had alleged false and fraudulent representations. But we did so because there was an absence of fraudulent or deceptive *use* of the corporate entity by one Freedman to evade a liability which was justly his. Again in Rosen v. Cain, 1954, 94 U.S.App.D.C. 72, 211 F.2d 809, an individual defendant had resisted specific performance on the ground that his corporation's directors had not approved the transaction. We ruled that the District Court had correctly concluded that the defense was based upon an insubstantial technicality. "The corporation was his [appellant's] *alter ego*." Ibid.

---

11. Despite the absence of allegations of actual fraud, equitable considerations and the plain justice of a situation, depending upon the facts, may lead to a piercing of the corporate veil in some cases, especially those involving "one-man" or family corporations. Cf. Pepper v. Litton, 1939, 308 U.S. 295, 60 S.Ct. 238, 84 L. 2d 281, and Helms v. Duckworth, 1957, 101 U.S.App.D.C. 390, 394, 249 F.2d 482, 486. That the contract resulted from negotiations with Shapiro is obvious.

"No one can be permitted to say, in respect to his own statements upon a material matter, that he did not expect to be believed; * * * materiality, in the eye of the law, consists in their tendency to influence the conduct of the party who has an interest in them, and to whom they are addressed." Claflin v. Commonwealth Fire Insurance Co., 1884, 110 U.S. 81, 95, 3 S.Ct. 507, 515, 28 L.Ed. 76.

■ In short, it is the *use* to which the corporate form is put which controls. and the facts in the particular case will determine the course of the relief. In one situation it may be that of the alter ego, as we have noted. Rosen v. Cain, supra, and see Darling Stores Corporation v. Young Realty Co., 8 Cir., 1941, 121 F.2d 112, 115, 116, certiorari denied, 1942, 314 U.S. 658, 62 S.Ct. 111, 86 L.Ed. 527; Hoss v. Purinton, 9 Cir., 1955, 229 F.2d 104, 108, certiorari denied, 1955, 350 U.S. 997, 76 S.Ct. 547, 100 L.Ed. 861. In another, the situation may present a problem of agency. However the corporate form may be utilized as the instrumentality through which the injustice is worked, we need not indulge in mere semantics, for the circumstances of each case must justify application of the rule. Compare, for example, Stone v. Eacho, 4 Cir., 1942, 127 F.2d 284, 288. And see generally, Taylor v. Standard Gas & Electric Co., 1939, 306 U.S. 307, 618, 59 S.Ct. 543, 83 L.Ed. 669; United States v. Reading Co., 1920, 253 U.S. 26, 62, 63, 40 S.Ct. 425, 64 L.Ed. 760; Chicago, M. & St. Paul R. Co. v. Minneapolis Civic & Commerce Ass'n, 1918, 247 U.S. 490, 500, 501, 38 S.Ct. 553, 62 L.Ed. 1229; cf. Mansfield Journal Co. v. Federal Communications Comm., 1950, 86 U.S.App.D.C. 102, 111, 180 F. 2d 28, 37.

■ We express no opinion on the merits. We cannot know what the evidence ultimately will disclose. We say only that viewing the allegations of the complaint in the light most favorable to the appellant, it may be perceived that Shapiro, the principal owner of the various appellee corporations is alleged to have represented that his Shapiro Engineering Corporation was to be the general contractor in whose name he executed a contract for construction work on a development project ostensibly for his other corporations, Connecticut Avenue Woods III, Inc., Shapiro Building Supply Corporation and Shapiro, Inc., the owners of the land, and ultimately for himself, as alleged. He utilized the corporate forms according to the complaint, for the purpose of evading liability when in truth the contract was his own contract, written for his own benefit. Whether the corporations owning the realty were merely his alter egos, or whether Shapiro Engineering Corporation was caused by him to become his agent, acting through him in behalf either of himself as principal or in behalf of the three realty-owner corporations as principals, or both, the subsisting fact which inevitably emerges is that services were performed worth many thousands of dollars, all at the expense of the appellant and for the ultimate benefit of Shapiro. The courts of Maryland have decided the merits of the claim and that appellant was entitled to its judgment. To prevent unjust enrichment under the circumstances is clearly an office to be performed by the courts. That our rule, above stated, permits the result is clear. To prevent injustice the concept of separate corporate entity cannot here be permitted to stand as a bar, for its obvious that various sets of facts may give rise to relief. As the Court told us, supra, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Appellant is entitled to present his case against the appellee Shapiro and against the three corporations which are alleged to have been the land-owner-beneficiaries of the appellant's services.

The case as to these appellees, Shapiro, Shapiro Building Supply Corporation, Shapiro, Inc. and Connecticut Avenue Woods III, Inc., is reversed. Since no allegations involve Shapiro's other corporations, previously listed other than that they may have been utilized by Shapiro for his own purposes, the judgment in their favor will be affirmed.