**John E. ORDNER, Administrator of the Estate of Arnold W. Ogren, Deceased, Appellant,**

v.

**Fred Charles REIMOLD, Appellee.**

**No. 6264.**

United States Court of Appeals
Tenth Circuit.

May 7, 1960.

Rehearing Denied June 18, 1960.

Joseph A. Sharp, Tulsa, Okl. (Bryan W. Tabor, O. H. "Pat" O'Neal, Tulsa, Okl., and Rucker, Tabor & Cox, Tulsa, Okl., on brief), for appellant.

Charles G. Huddleston and Frank Carter, Enid, Okl., for appellee.

Before MURRAH, Chief Judge, and BRATTON and LEWIS, Circuit Judges.

534

MURRAH, Chief Judge.

 In this diversity wrongful death action, arising out of an automobile accident in Oklahoma, the only question here is whether the trial court properly refused, upon timely request, to instruct the jury on combined and concurrent negligence of the defendant-appellee and the driver of the automobile in which the decedent was a passenger at the time of the accident. It is the law in Oklahoma, as elsewhere, that if the concurrent negligence of two or more persons proximately causes injury to a third person, they are jointly and severally liable to such person. Cook v. Black, Okl., 310 P.2d 774; Oklahoma Ry. Co. v. Ivery, 201 Okl. 245, 204 P.2d 978. And, it is also a correlative rule in Oklahoma that where original negligence continues and exists at the time of the injury, a concurrent act of negligence on the part of another wrongdoer is not independent but concurrent negligence, and the proximate cause of the injury, for which both wrongdoers are liable. See Missouri Motor Distributing Co. v. Barker, 170 Okl. 183, 39 P.2d 544.

 The appellee first takes the position that the appellant is precluded from claiming concurrent negligence because he did not plead it, citing Oklahoma cases. But whatever may be the procedural law of Oklahoma in that regard, it has no application here. For while the substantive right to recover on the claim is governed by Oklahoma law, the form or mode of the claim for relief is a matter of federal procedural law, under which the only permissible pleading is a short and plain statement showing that the pleader is entitled to relief on any factually sustainable legal theory. Blazer v. Black, 10 Cir., 196 F.2d 139; Louisville & Nashville Railroad Co. v. Rochelle, 6 Cir., 252 F.2d 730; Siegelman v. Cunard White Star, 2 Cir., 221 F.2d 189; Francis O. Day Co. v. Shapiro, 105 U.S.App.D.C. 392, 267 F.2d 669; McDonald v. Astor, D.C., 21 F.R.D. 159. Failure to plead concurrent negligence did not preclude an instruction upon it if the proof so justified. If, therefore, there was any competent evidence of concurrent negligence, the case should be reversed.

There was testimony to the effect that on the foggy morning of the accident, defendant-appellee, driving a Buick automobile, attempted to overtake and pass the Ford automobile in which the decedent was riding; that as he pulled up to about the middle of the back door of the Ford, the lights of an oncoming truck came into view, and while attempting to return to his own lane of the highway, his right front fender or bumper struck the left rear of the Ford, causing it to skid across the highway into the oncoming truck. There was corroborating evidence of damage to the right front fender and bumper of the appellee's Buick, and corresponding scratches and creases on the left panel and rear fender on the Ford in which the decedent was riding.

There was countervailing testimony on the part of the appellee to the effect that after trailing the Ford in which decedent was riding for a mile or so, appellee pulled out astraddle the middle line to pass, but upon seeing the lights of the oncoming truck about one-half block away, he drifted back behind the car and on his side of the road; that about that time, the car in front seemed to veer off the pavement into a rut; that when the driver attempted to steer it back on the pavement, the car thereupon skidded across the pavement into the truck; and that the defendant pulled his car off the pavement to the right and into the ditch, without having touched the Ford in front of him.

The trial court instructed the jury that if they found from a preponderance of evidence that the defendant approached the car in front of him in such a manner, and conducted himself in such a way as to cause the Ford to swerve across the highway and hit the oncoming truck, proximately causing the accident, the verdict should be for the plaintiff; that if, on the other hand, the jury believed that the accident was caused by the negligence of the driver of the car in which

the decedent was riding as a guest, their verdict should be for the defendant.

■ If, as the appellant contends, the appellee's automobile came into contact with the other automobile as it was returning to its lane of traffic, and as a result of the impact the other automobile in which the decedent was a passenger went out of control, crossed the center of the highway and crashed into the truck, the negligence of the defendant was the sole and exclusive proximate cause of the accident without any negligence on the part of the operator of the automobile in which the decedent was a passenger. Conversely, if, as the appellee contends, the two automobiles did not come in contact but instead if the automobile in which the decedent was riding went off the concrete slab and into a rut, and went out of control while the driver was attempting to pull it back on the highway, the accident was either an unavoidable one or was caused by the negligence of the driver. In either event, there is no factual room for saying that the combined or joint negligence of the two drivers proximately caused the accident, and the trial court correctly refused to instruct the jury on that point.

One other matter deserves some comment. In the course of the trial, the District Commander of the Oklahoma Highway Patrol was permitted to testify, over the objection of the appellant, that assuming the automobile in which the decedent was riding sustained a blow of sufficient force to produce the crease shown on the left rear fender, it would not be sufficient to cause such automobile to change directions abruptly to the left and across the highway, assuming also that the automobile was under proper control.

■■ In the first place, as we have pointed out, the factual background of the accident will not support the premise of the hypothetical question and the objection should have been sustained. In the second place, the opinion did not serve to enlighten the jury in respect to a matter outside its competence, and

should not have been admitted. Nelson v. Brames, 10 Cir., 241 F.2d 256; Grayson v. Williams, 10 Cir., 256 F.2d 61; Sterling Milk Products Co. v. Brown, 173 Okl. 452, 49 P.2d 68. We have recently expressed disapproval of this type of testimony as indicative of a tendency to allow uniformed officers to invade the province of a jury by assuming to assess liability in cases of this kind. See Padgett v. Buxton-Smith Mercantile Co., 10 Cir., 262 F.2d 39. The court's error lay in the admission of this testimony, not in refusing to instruct upon a purely artificial issue that may lie by inference in the improper question. Since appellant has not complained of the admission of the testimony on appeal, we do not reach the question of whether the admission of the evidence was prejudicial or harmless and affirm the judgment.