Mary Beth TURNER, Plaintiff in Error,

v.

Geraldine GALLAGHER, Defendant in Error.
No. 39516.

Supreme Court of Oklahoma.

May 15, 1962.

Jack I. Gaither, Tulsa, for plaintiff in error.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph Glass, O. H. "Pat" O'Neal, Tulsa, for defendant in error.

BERRY, Justice.

The parties who appear here in the same relative position as in the trial court will be referred to as they appeared in said court.

In her petition plaintiff alleged that she was a guest passenger in an automobile, hereafter referred to as "Oldsmobile", driven by her step-son, hereafter referred to as "Darrell", in a northerly direction over a street in Tulsa, Oklahoma; that upon the Oldsmobile's reaching a point opposite the driveway to defendant's residence, it was struck by an automobile, hereafter referred to as "Chevrolet", which defendant had backed over her driveway in a westerly direction to point of collision; that as a result of the collision, plaintiff sustained bodily injuries.

In so far as material, plaintiff alleged in her petition that the collision was the proximate cause of defendant's negligence in that defendant failed to yield the right-of-way, failed to keep a proper lookout and failed to stop the Chevrolet before it collided with the Oldsmobile.

Defendant, in her answer, in so far as material, pleaded that the collision was unavoidable and resulted from Darrell operating the Oldsmobile in such a negligent manner as to place her in a sudden emergency; that Darrell failed to remain alert and keep a proper lookout; that he failed to operate the Oldsmobile so as to stop it within the assured clear distance ahead; that Darrell was guilty of an intervening act of negligence which completely superseded and insulated any act of negligence on defendant's part; that Darrell observed defendant backing from the driveway but nevertheless failed to avoid the collision; that Darrell was plaintiff's agent and his negligence is imputable to plaintiff. There is no evidence sustaining the last mentioned allegation.

The case was tried to a jury who returned a verdict in defendant's favor. From order denying plaintiff's motion for new trial which was directed to judgment on the verdict, plaintiff perfected this appeal.

In support of her petition in error, plaintiff contends that "The court committed reversible error by instructing the jury upon intervening cause"; that "The jury was guilty of misconduct prejudicial to plaintiff in that it deliberated the effect of judgments upon liability insurance premiums."

The plaintiff excepted to giving the instruction on intervening cause and her exceptions were properly noted.

Plaintiff contends that there is no evidence tending to show that the sole proximate cause of the collision was the intervening negligence of Darrell and for said reason his negligence cannot be said to be an intervening cause that relieved defendant of her concurring negligence but for which the collision would not have occurred; that the evidence shows that both defendant and Darrell were negligent; that their concurrent negligence was the proximate cause of the collision and for said reason both are liable; that for said reason prejudicial error resulted from the trial court giving the mentioned instruction.

Defendant contends that Darrell was negligent and that his negligence "superseded and insulated the negligence of defendant"; that defendant's negligence, if any, "can only be said to be a condition and only a remote cause."

The evidence shows that Darrell saw the Chevrolet as it was being backed from the driveway; that he assumed that defendant would yield the right-of-way and stop the Chevrolet before reaching the street, and so assuming, did not attempt to stop the Oldsmobile. This, under all of the facts, possibly shows negligence on Darrell's part.

As to defendant, the evidence tends to show that she did not keep a proper lookout as she backed the Chevrolet down the driveway; that while her view of the approaching Oldsmobile was unobstructed, she did not see it until after the collision; that Darrell had the right-of-way; that she failed to yield the right-of-way to the Oldsmobile; that she felt and admitted that she was at fault. This tends to show negligence on defendant's part.

Did defendant's negligence continue and exist up to the time of the collision, or did Darrell's negligence constitute a new and independent cause, which defendant could neither anticipate nor reasonably foresee, that operated independently of defendant's original negligence? If the answer to the first portion of the question is "no" and the answer to the last portion is "yes", then defendant's negligence was

not the proximate cause of the accident, and the complained-of instruction was in order, otherwise, it was error to give the instruction.

■ In Phillips Petroleum Co. v. Robertson et al., 207 Okl. 80, 247 P.2d 501, it was stated in the second paragraph of the syllabus that "The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury."

As to independent or intervening causes, this is said in Norman v. Scrivner-Stevens Co., 201 Okl. 218, 204 P.2d 277, 279: "The rule which has been stated and applied more often than any other test of proximate cause is that which determines an injury to be the proximate result of negligence only where the injury is the natural and probable consequence of the wrongful act or omission. It is not enough to prove that the accident is the natural consequence of the negligence. It must also have been the probable consequence. Thus it is laid down in many cases that in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence. Many of the authorities state an additional condition, that it appear that the injury was anticipated, or that it reasonably should have been foreseen, by the person sought to be charged with liability. * * *" See also Yellow Transit Freight Lines, Inc. et al. v. Allred, Okl., 302 P.2d 985, and Meyer v. Moore et al., Okl., 329 P.2d 676.

■ It is apparent that the matter of defendant's backing her automobile into the street without keeping a proper lookout and her failure to yield the right-of-way to the Oldsmobile constituted negligence that continued up to time of the accident and was one of the direct causes of the accident.

It is also apparent that defendant should have anticipated that since the Oldsmobile had the right-of-way, Darrell probably would not yield same to her by stopping the Oldsmobile. Darrell was not bound to anticipate that defendant would continue to operate her automobile in a negligent and unlawful manner. Griffeth v. Pound, Okl., 357 P.2d 965.

▆ It follows, that the evidence fails to show that Darrell's actions and negligence was a new and independent cause that was the direct and proximate cause of the collision and but for which actions and negligence the accident would not have occurred.

▆ In Missouri Motor Distributing Co. v. Barker, 170 Okl. 183, 39 P.2d 544, 545, it was said that "where original negligence continues and exists up to time of injury, concurrent negligence of third person causing injury is not independent act of negligence, but two concurring acts of negligence will be held to be proximate cause of injury." For authority to the same effect, see City of Altus v. Wise et al., 193 Okl. 288, 143 P.2d 128, 131.

It was stated in Ordner v. Reimold (10th Cir.), 278 F.2d 532, 534, that under Oklahoma law "where original negligence continues and exists at the time of the injury, a concurrent act of negligence on the part of another wrongdoer is not independent but concurrent negligence, and the proximate cause of the injury, for which both wrongdoers are liable."

At p. 30, Sec. 2534, Vol. 4, "Blashfield Cyc. of Auto. Law and Practice", it is stated that "Where two or more acts are joint, so they both directly cause injury, neither is an intervening cause."

To our way of thinking, the question posed is not whether the court erred in giving an instruction on "intervening cause" because that is clear, but whether said error was prejudicial.

▆ In our opinion, the untenable instruction served to confuse the jury and for said reason deprived plaintiff of her right to instructions which were limited to issues that were presented by the evidence. We, therefore, feel that the giving of the instruction was prejudicial and requires reversal of this case with directions to grant a new trial.

In view of the conclusion reached, we are of the opinion that it is unnecessary to consider plaintiff's contention based upon the proposition that the jury was in effect guilty of misconduct.

Reversed with directions to grant plaintiff's motion for a new trial.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JACKSON and IRWIN, JJ., concur.

WELCH and DAVISON, JJ., dissent.