**NATIONAL BOND FINANCE COMPANY, a Corporation, Appellant,**

v.

**GENERAL MOTORS CORPORATION, a Corporation, Appellee.**

**No. 17745.**

United States Court of Appeals
Eighth Circuit.

March 8, 1965.

Glenn C. McCann, of Knipmeyer, McCann & Millett, Kansas City, Mo., made argument for appellant and filed brief with Joseph H. Moore, of Knipmeyer, McCann & Millett, Kansas City, Mo.

John Murphy, of Tucker, Murphy, Wilson, Lane & Kelly, Kansas City, Mo., made argument for appellee and filed brief with George W. Coombe, Jr., Detroit, Mich.

Before VAN OOSTERHOUT, BLACKMUN and MEHAFFY, Circuit Judges.

PER CURIAM.

This is an appeal by plaintiff National Bond Finance Company from final judgment entered after a full trial to the court dismissing its complaint against General Motors Corporation. Jurisdic-

tion, based upon diversity of citizenship, is established.

Plaintiff seeks to recover from General Motors Corporation on a debt owed it by Lincoln Park Buick Company, a separate corporation in which General Motors owned a controlling stock interest, upon the ground that Lincoln Park Buick Company was an instrumentality or alter ego of General Motors Corporation.

Judge Duncan, in a well-considered opinion reported at 238 F.Supp. 248, fully sets out the facts, properly states the applicable law, makes findings of fact and conclusions of law to the effect that Lincoln Park Buick Company is a separate and distinct corporate entity and that plaintiff has not met the burden of establishing that Lincoln Park Buick Company is the alter ego of General Motors Corporation.

Our recent case of Consolidated Sun Ray, Inc. v. Oppenstein, 8 Cir., 335 F.2d 801, relied upon by plaintiff, is clearly distinguishable factually. The general principles applicable to a case such as this are set out there and discussed. We affirmed the trial court's decision that the contracting corporation was the alter ego of the defendant corporation, holding that there was substantial evidence to support such finding and that it was not clearly erroneous. The same clearly erroneous standards apply to the fact-findings here made which are adverse to the plaintiff.

■ Plaintiff urges in effect that there is no material conflict in the evidence and hence we are not bound by the trial court's findings. We find that there are material conflicts in the evi-

dence. In any event, we have repeatedly held that the fact-finder is entitled to draw reasonable inferences from the evidence even in situations where the evidence is undisputed. Shoppers Fair of Arkansas, Inc. v. Sanders Co., 8 Cir., 328 F.2d 496, 499; Dixon v. United States, 8 Cir., 296 F.2d 556, 558; Miller v. Commissioner, 8 Cir., 295 F.2d 538, 541; Crown Iron Works Co. v. Commissioner, 8 Cir., 245 F.2d 357, 360; see Commissioner v. Duberstein, 363 U.S. 278, 291, 80 S.Ct. 1190, 4 L.Ed.2d 1218.

■■ The question of whether a corporation is an instrumentality or an alter ego of another corporation presents primarily an issue of fact to determine upon the basis of the facts of each individual case. The clearly-erroneous rule set forth in Fed.R.Civ.P. 52(a) applies. Consolidated Sun Ray, Inc. v. Oppenstein, supra; Francis O. Day Co. v. Shapiro, 105 U.S.App.D.C. 392, 267 F.2d 669, 674; Fish v. East, 10 Cir., 114 F.2d 177, 191.

■ Judge Duncan's exposition of the applicable law as set forth in his opinion is not attacked and represents a correct statement of the law. We have carefully examined the record and are satisfied that the court's findings are supported by substantial evidence. Upon the basis of such findings, the court properly determined that Lincoln Park Buick Company was not a mere instrumentality or alter ego of General Motors Corporation, and hence General Motors was not liable for Lincoln Park Buick Company's debts. The validity of such finding is adequately demonstrated in Judge Duncan's reported opinion. We affirm upon the basis of such opinion.