**Charles W. COOPER, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**Nos. 18104, 18716.**

United States Court of Appeals, Seventh Circuit.

May 20, 1971.

Anna R. Lavin, Chicago, Ill., for plaintiff-appellant.

William J. Bauer, U. S. Atty., Robert B. Schaefer, Asst. U. S. Atty., Chicago, Ill., for defendant-appellee; John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., of counsel.

Before SWYGERT, Chief Judge, CASTLE, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

CUMMINGS, Circuit Judge.

Plaintiff has appealed from the dismissal of two complaints brought under the Federal Tort Claims Act (28 U.S.C. § 1346(b) and ch. 171). The appeals were consolidated because of the nature of the subject matter of each complaint and the dispositions.

Complaint I, filed in April 1969, sought $250,000 damages for severe injuries suffered by plaintiff in 1967 while confined at the instance of the United States in the Du Page County Jail in Wheaton, Illinois. According to the complaint, the Government had caused plaintiff to be transferred from the Michigan State Penitentiary to the Du Page County Jail on May 4, 1967, in

order to be a material witness in a case pending in the federal district court for the Northern District of Illinois. The complaint further alleged that due to the gross negligence of the Government, plaintiff was incarcerated in a place where he was beaten by other inmates on May 15, 1967. The complaint also charged that through the fault of the Government, plaintiff remained in that jail without any medical attention for one and one-half months after the beating.

On June 26, 1969, the Government moved to dismiss the complaint on the ground that plaintiff had not exhausted his administrative remedy as required by 28 U.S.C. § 2675(a).[1] That motion was granted, and the district court dismissed the complaint "with prejudice." Plaintiff filed his appeal from that judgment on October 31, 1969.

In January 1970, during the pendency of the appeal from the dismissal of Complaint I, plaintiff filed a second complaint against the United States, seeking $25,000 damages. Complaint II also alleged that the Government had taken custody of plaintiff in the spring of 1967 through issuance of a Writ of Habeas Corpus Ad Testificandum and had lodged him at the Du Page County Jail where he was beaten by inmates of that institution. Complaint II asserted that in September 1967 the Government obtained custody of plaintiff from state authorities[2] for the purpose of securing his testimony as a material witness. Plaintiff was again lodged at the Du Page County Jail until January or February 1968 without medical treatment for the injuries sustained by his earlier beating. Complaint II claimed that the Government negligently failed to provide medical treatment during that period of time, resulting in aggravation of pre-existing "brain damage and mentality defects" and requiring plaintiff to "expend great sums of money upon his release on his teeth repair and nose treatment." Plaintiff also alleged that he had forwarded a claim for these damages to the Attorney General of the United States in accordance with 28 U.S.C. § 2675(a) on September 24, 1969, but had received no response.

On April 6, 1970, the Government moved for the dismissal of Complaint II, and on July 15, 1970, the district court granted that motion on the grounds that it was barred as *res judicata* by the earlier dismissal of Complaint I and that plaintiff had failed to comply with the limitation on actions against the United States set forth in 28 U.S.C. § 2401(b).[3] Plaintiff also appealed from that dismissal order and the two cases were consolidated for oral argument.

## I

Although plaintiff originally appealed from both dismissals, at oral argument

---

1. Section 2675(a) provides as follows:
   "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent be certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim."

2. At that time, plaintiff was being housed in the Illinois State Penitentiary.

3. Section 2401(b) provides:
   "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

plaintiff's counsel expressly abandoned his appeal from the dismissal of Complaint I. Plaintiff at that time conceded that the dismissal of that suit for failure to comply with the administrative remedy provision of Section 2675(a) was proper.[4] Accordingly, that appeal is hereby dismissed. Capannelli v. Grane, 105 U.S.App.D.C. 244, 266 F.2d 445 (1959).

## II

Plaintiff nevertheless urges this Court to reverse the dismissal of Complaint II. At the outset, we note that this action itself was prematurely instituted and could properly be dismissed in light of Section 2675(a) (note 1 *supra*). Plaintiff's second complaint reveals that the filing of a claim with the "appropriate" administrative agency occurred on or about September 24, 1969. This action was brought in the district court within four months of that date without any final disposition by that agency. Hence plaintiff still did not comply with the statutory condition to suit against the United States.

A more fundamental defect is apparent which leads us to concur in the dismissal of Complaint II. That complaint asserts a cause of action arising from the alleged failure of the Government to provide reasonable medical and dental care during plaintiff's second incarceration at the Du Page County Jail. Cf., *e. g.,* Coleman v. Johnston, 247 F.2d 273 (7th Cir. 1957). Closer scrutiny of the allegations in light of the prior complaint reveals that the Government's "non-feasance" during the period covered by Complaint II was simply a continuation of its earlier failure to supply medical care during plaintiff's stay at the Du Page County Jail following his incurral of injuries. Plaintiff alleged only the "aggravation" of disabilities previously existing and the need for corrective treatment of his nose and teeth upon release. No intervening ailments or maladies were alleged, nor did plaintiff charge that his May 1967 injuries created chronic disorders requiring continuing palliatives. In short, any actionable wrong committed by governmental dereliction occurred in May and June 1967 at the time of the initial refusal to give medical attention to plaintiff in the wake of his May 15th beating. Assuming the allegations of Complaint I to have been true, plaintiff's cause of action accrued when the Government's wrongful refusal to give such care became apparent to plaintiff at that time. Any subsequent "aggravation" is simply attributable to the continuation of that wrong during the remainder of his incarceration, whether interrupted or not.

Plaintiff contends that the continuing refusal of the Government to grant treatment amounted to a continuous tortious interference with his interest in physical health. He claims that for purposes of determining the passage of time under Section 2401(b), the cause of action did not "accrue" at the earliest opportunity for suit but only upon plaintiff's discharge from the custodial relationship which imposed the duty of care upon the Government.

It is true that the statute of limitations does not always begin to run at the first moment where a wrongful invasion of a protected interest might give rise to a cause of action. In such cases, the specific circumstances of the case may lead the court to suspend operation of the statute and effectively toll its passage by postponing or continuing its inception. See generally Developments in the Law—Statutes of Limitations, 63 Harv.L.Rev. 1177, 1200–1207 (1950). In certain instances, the critical date is the point at which the injury becomes apparent. Thus in malpractice suits the statute of limitations generally begins to run when "the claimant [has] discovered or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged malpractice. Quinton v. United States, 304 F.2d 234, 240 (5th

4. See, *e. g.,* Peterson v. United States, 428 F.2d 368 (8th Cir. 1970).

**912**

Cir. 1962)." Toal v. United States, 438 F.2d 222, 224 (2d Cir. 1971). The continuation of a special relationship offering the possibility of correction of the injury may postpone that date further. Kossick v. United States, 330 F.2d 933, 936 (2d Cir. 1964), certiorari denied, 379 U.S. 837, 85 S.Ct. 73, 13 L.Ed.2d 44 (dictum); but cf. Ashley v. United States, 413 F.2d 490, 493 (9th Cir. 1969). The continuing wrongful conduct of the defendant toward the claimant which establishes a status quo of continuing injury may also give rise to a continuing cause of action. Cf. Baker v. F & F Investment, 420 F.2d 1191, 1200 (7th Cir. 1970), certiorari denied, 400 U.S. 821, 91 S.Ct. 42, 27 L.Ed.2d 49.

■ But the existence of even a continuing relationship does not insure that a cause of action should be deemed continuous for purposes of computing the limitations period. The particular policies of the statute of limitations in question, as well as the nature of the wrongful conduct and harm alleged, must all be considered. Courts have held that Section 2401(b) should be liberally construed in favor of repose for the United States. Thus courts have refused to toll the statute of limitations for minority (e. g., Pittman v. United States, 341 F.2d 739 (9th Cir. 1965)) or pending the outcome of a workman's compensation suit in state courts (Mendiola v. United States, 401 F.2d 695 (5th Cir. 1968)); see also Ashley v. United States, 413 F.2d 490, 493 (9th Cir. 1969). We too conclude that plaintiff's "cause of action" accrued at the time when he knew or should have known that no treatment was to be forthcoming. This, of course, occurred well over two years before the September 24, 1969, filing of his complaint with the administrative agency pursuant to Sections 2675(a) and 2401(b).

■ Even if the limitations period for the wrong complained of began as late as the termination of plaintiff's relationship with the Government (cf. Philadelphia National Bank v. United States, 411 F.2d 747 (5th Cir. 1969), the two-year period commenced running on his June 29, 1967, release from the Du Page County Jail to the Illinois state authorities. His return to that jail in September 1967 neither renewed his original claim nor created a new cause of action.

The remaining complaint thus fails to state an independent cause of action accruing within two years prior to the filing of the necessary administrative complaint. Accordingly, Complaint II was properly dismissed.

In No. 18104 the appeal from the dismissal of Complaint I is dismissed, and in No. 18716 the judgment of the district court dismissing Complaint II is affirmed.