## CIRCUIT COURT OF ARLINGTON COUNTY

Leventhal

v.

Army-Navy Realty, Inc., et al.

June 18, 1971

Case No. (Chancery) 20364

By JUDGE CHARLES S. RUSSELL

Having reviewed the evidence heard ore tenus on May 17, 1971, the memoranda of counsel and the authorities therein cited, I am of the opinion that the plaintiff is entitled to judgment against the individual defendant, Robert W. Maher, but not against the corporate defendant, Army-Navy Properties, Inc.

Defendants having obtained leave of court to reopen their case for the purpose of showing that a stock statement was duly filed with the State Corporation Commission pursuant to law, have done so. Accordingly, the sole question remaining is whether Army-Navy Realty Inc. was so undercapitalized and so operated as the personal vehicle of its controlling stockholder, Robert W. Maher, that it should in equity be held to be a vehicle for his personal dealings, rather than an independent legal "person."

The weight of authority is to the effect that inadequate capitalization is an important factor in deciding whether corporate entity is to be disregarded. Annotation, 63 A.L.R.2d 1051; *Stone* v. *Eacho*, 127 F.2d 284; *Day* v. *Shapiro*, 267 F.2d 669. This factor, when found to exist, may be combined with the manner of operation of the corporation to induce the conclusion that the corporation is a mere extension of the dominant stockholder's personality in his business dealings, not entitled

to an independent existence which would shield him from its creditors.

The evidence shows that when Army-Navy Realty, Inc., was incorporated in 1967, 77 shares of Class A voting stock were issued. Of these, 75 shares were issued to Alice S. Maher and Robert W. Maher for no cash, but rather as credit for a "loan placement fee" which the incorporators declared they owed to Mr. Maher. The other two shares were given to one William A. Chapman "in consideration for his professional advice." When the corporation suffered a judgment at the hands of the plaintiff, it had 13¢ in the bank. Throughout the period of corporate activity, the president and dominant stockholder, Robert W. Maher, paid the corporation's bills by making personal loans to it. He drew no salary or dividends from the corporation, but paid himself "commissions" from corporate funds when he made sales on behalf of the corporation. This pattern of financial relationship between Mr. Maher and the corporation continued from the time of its chartering until it ceased business operations. Its charter was revoked for non-payment of franchise taxes "about two years ago." Upon this state of evidence the court concludes that the corporation was a mere shell from its inception, through which Mr. Maher conducted his personal real estate business. It would be inequitable to grant him insulation from its debts justly incurred in the prosecution of that business.

There is no evidence to support a conclusion that the plaintiff so acted in reliance on the corporate existence as to distinguish it from its dominant stockholder, Mr. Maher, so as to estop him from asserting the identity of the two, as in *Dickenson v. Boyd*, 167 Va. 90. The plaintiff, a judgment creditor of Army-Navy Realty, Inc., thus is entitled to reduce his claim to judgment against Robert W. Maher.

There is no evidence tending to show any identity between the other corporate defendant, Army-Navy Properties, Inc., and the two defendants mentioned hereinabove, nor is there any evidence tending to show that it was operated with them in such a way as to work a fraud upon the creditors of either.