In the Matter of LUMARA FOODS OF AMERICA, INC., dba Arthur Treacher's Fish & Chips, Debtor.

LUMARA FOODS OF AMERICA, INC., dba Arthur Treacher's Fish & Chips, Appellant,

v.

The UNION SAVINGS & TRUST CO., nka Bank One of Eastern Ohio, N.A., Appellee.

No. C 85–3521 Y.

United States District Court, N.D. Ohio, E.D.

May 19, 1987.

Michael A. Gallo, Nadler & Nadler Co., Youngstown, Ohio, for appellants.

Thomas C.B. Letson, Letson, Griffith, Woodall & Lavelle, Warren, Ohio, David A.

Detec, Dragelevich, Carney & Detec, Warren, Ohio, for appellee.

## MEMORANDUM OPINION
## AND ORDER

LAMBROS, District Judge.

Appellant Lumara Foods of America, Inc., dba Arthur Treacher's Fish & Chips, brings this appeal from a final order entered by the Bankruptcy Court, 74 B.R. 95. The instant adversary action culminated in a five-day trial, heard by the Bankruptcy Judge with the consent of the parties, *see* 28 U.S.C. § 157(c)(2). Based on the evidence adduced at trial, Judge James H. Williams ruled in favor of appellee Union Savings & Trust Co., nka Bank One of Eastern Ohio, and dismissed the complaint. For the reasons that follow, the judgment of the Bankruptcy Court will be affirmed.

Appellant debtor corporation, while in Chapter 11 bankruptcy, brought this action against appellee bank. The gravamen of appellant's complaint was that the bank had paid checks on appellant's account totalling $813,767.37, despite the fact that one of the two signatures on each check was forged. Appellant sought to recover the full amount of the funds paid out, plus interest.

The checks in question bore the signature of Janice Voytilla, who was appellant's bookkeeper and one of four authorized signers on the account. Each check also bore the name of Louis DiNardo, another authorized signer; however, DiNardo never signed the checks.

The Bankruptcy Court rejected appellee's contention that the checks were properly payable because they had been signed by Voytilla. Instead, Judge Williams concluded that *two* genuine, authorized signatures were required, but were not present, on each check.

Nonetheless, the trial court found in the bank's favor, based upon a rather unusual application of the "alter ego" doctrine. Appellant was only one of a group of business enterprises, which also included Lumara Foods, Ltd., Lumara Foods, Inc., JBC Investments, Inc., and "Rollerworld." The group was operated as one large enterprise by Robert Moosally. Moosally dominated the various entities and manipulated them to serve primarily his own interests. The Bankruptcy Court found not only that appellant was severely undercapitalized from its inception, but also described "intercompany transfers of funds, the practice of the entities kiting checks to cover overdrafts of the other entities, employees on the payroll of one entity performing duties for others and the general propensity of the officers to treat the various entities as an aggregate."

Judge Williams concluded that the corporate fiction should be disregarded. *See generally Bucyrus-Erie Co. v. General Products Corp.*, 643 F.2d 413 (6th Cir. 1981); *Central Inv. Corp. v. Mut. Leasing Assoc., Inc.*, 523 F.Supp. 74 (S.D.Ohio 1981); *In re Long*, 35 B.R. 949 (Bankr.S.D. Ohio 1983). That determination constitutes a finding of fact, *see National Bond Fin. Co. v. General Motors Corp.*, 341 F.2d 1022 (8th Cir.1965), which is not clearly erroneous, *see* Bankruptcy Rule 8013.

Appellant points out that this is not the ordinary case in which a dominant shareholder or parent corporation is held liable for the debts of the "instrumentality." While it is true that this case presents a variation on the usual scenario, that fact does not render the alter ego doctrine inapplicable. It is not a doctrine bound to an immutable structure. Instead, as the Sixth Circuit has observed, "The alter ego doctrine is equitable in nature. The test of its application, simply stated, is whether recognition of corporateness would produce unjust consequences." *Bucyrus-Erie, supra*, at 421. Because the payees on the checks at issue were members of the Moosally group of business entities, and because the individual integrity of appellant and the other members of the Moosally "family" of companies was neither recognized nor respected, retention of the corporate fiction in appellant's case would produce inequitable consequences. In essence, the Bankruptcy Court concluded that appellant suffered no loss because the money never left the amorphous Moosally aggregation.

*Cf. Davis Aircraft Products Co. v. Bankers Trust Co.*, 36 A.D.2d 705, 319 N.Y.S.2d 379 (1971).

The appellant's assigned errors are overruled and the judgment of the Bankruptcy Court is affirmed.

This action is terminated.

IT IS SO ORDERED.